**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael Patrick LESSARD,**
**Defendant–Appellant.**

No. 92–10156.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1993.

Decided Feb. 28, 1994.

Dennis P. Riordan, Riordan & Rosenthal, San Francisco, California, for the defendant-appellant.

Lewis A. Davis, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellee.

Before: ALARCON, LEAVY, and KLEINFELD, Circuit Judges.

LEAVY, Circuit Judge:

In this appeal we are confronted with the law of entrapment and are asked to evaluate jury instructions on that issue. The defendant asserts that his acquittal on one set of charges was inconsistent as a matter of law with his conviction on a second set of charges. The defendant also argues that the instructions given in this case were plainly erroneous because they failed to state accurately the government's burden of proof. We reverse and remand for a new trial.

## FACTS AND PRIOR PROCEEDINGS

Michael Patrick Lessard, a member of the Hell's Angels Motorcycle Club, appeals from his conviction on two counts of federal firearms violations, *viz.,* of being an ex-felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and for possession and transfer of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Lessard's conviction arose from his possession and transfer of explosives to Anthony Tait, a fellow Hell's Angel and, unbeknownst to Lessard, a

government informant, on September 20, 1987. Lessard was also charged with identical crimes arising from the possession and transfer of explosives to Tait on June 18, 1987.

The jury acquitted Lessard on the charges relating to the June Transaction but convicted him on those stemming from the September Transaction. Lessard moved for a judgment of acquittal, contending that the jury's failure to convict him on the June Transaction showed that he was entrapped and remained so until the September Transaction was complete. The district court denied the motion and Lessard has timely appealed, claiming that he should have been acquitted of the September Transaction because the jury acquitted him of the June Transaction. Lessard also contends that the court's instruction on entrapment failed accurately to state the government's burden of proof as to when predisposition to commit a crime must exist.

## ANALYSIS

### Standard of Review

■ We review a district court's denial of a motion for judgment of acquittal under the same standard as applied to a challenge to the sufficiency of the evidence, while examining for clear error any underlying factual findings made by the district court. *United States v. Mullins,* 992 F.2d 1472, 1478 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2997, 125 L.Ed.2d 691 and —— U.S. ——, 114 S.Ct. 556, 126 L.Ed.2d 457 (1993). Whether a jury instruction properly states the law of entrapment is a pure question of law subject to *de novo* review. *United States v. Mkhsian,* 5 F.3d 1306, 1311 (9th Cir.1993).

### Discussion

#### I

■ Lessard first contends that the district court erred by denying his motion for acquittal. Implicit in Lessard's argument is the assumption that he was acquitted of the June Transaction because the jury found that he was entrapped, and that the two encounters were part of a single transaction. We

reject this contention as finding no support in the law.

■ The defense of entrapment has two elements: (1) there must be a "[g]overnment inducement of the crime," and (2) "the absence of predisposition on the part of the defendant." *United States v. Skarie,* 971 F.2d 317, 320 (9th Cir.1992). The jury is usually charged with determining the applicability of the entrapment defense. *Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988); *United States v. Smith,* 802 F.2d 1119, 1124 (9th Cir.1986). Thus, for there to be entrapment as a matter of law, a defendant "must point to '*undisputed evidence* making it patently clear that an otherwise innocent person was induced to commit the illegal act' by government agents." *United States v. Mkhsian,* 5 F.3d at 1309 (quoting *United States v. Skarie,* 971 F.2d at 320 (emphasis added by *Mkhsian* court)).

Here, the evidence was in dispute: Lessard's version of the events conflicted with the government informant's story of what happened. Thus, Lessard's speculation as to the jury's reasons for acquitting him of the charges relating to the June Transaction falls short of "undisputed evidence." *See Mkhsian,* 5 F.3d at 1309. Moreover, a finding of entrapment was not the only reason the jury could have had for acquitting Lessard of the June Transaction. For example, the jury could have agreed with Lessard that the two transactions were two halves of a single crime and concluded that Lessard, therefore, should only be convicted once.

In light of the above, we hold that there was no error in the district court's refusal to grant Lessard's motion for a judgment of acquittal.

## II

■ Lessard's second contention is that the court's instructions on entrapment failed properly to explain the government's burden of proof as to when predisposition to commit the crime must exist. We agree. A jury instruction must "tell the jury that the government was required to show that [the defendant was] predisposed to commit the ille-

gal acts prior to the initial contact by government agents." *Mkhsian,* 5 F.3d at 1310 (citing *Jacobson v. United States,* —— U.S. ——, ——, 112 S.Ct. 1535, 1540, 118 L.Ed.2d 174 (1992)).

In *Mkhsian,* we held that it was plain error for the trial court to give jury instructions on entrapment that were substantially identical to those given in the instant case. The *Mkhsian* entrapment instructions read:

[i]n this case, each defendant asserts that he was a victim of entrapment as to the offenses charged in this indictment. Where a person has no previous intent or purpose to violate the law but is induced or persuaded by law enforcement officers or their agents to commit a crime, he is a victim of entrapment and, as a matter of policy, the law forbids his conviction in such a case.

On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that the government agent provides what appears to be a favorable opportunity is not entrapment.

*Id.* at 1310.

In the instant case the district court, using Ninth Circuit Model Jury Instruction No. 6.02, modified at Lessard's request to set forth the government's burden of proof, instructed the jury as follows:

A person is entrapped when the person has no previous intention to violate the law and is persuaded to commit a crime by government agents. On the other hand, were [sic] a person is already willing to commit a crime, it is not entrapment if government agents merely provide an opportunity to commit the crime. The burden of proof is on the government beyond a reasonable doubt that the defendant was not entrapped.

In *Mkhsian,* we found that the term "already" in these jury instructions was ambiguous and could be interpreted as meaning "even 'if [the defendant] was not initially disposed to [commit the crime], he could ... develop such a disposition during the later course' of interacting with [the government informant]." *Id.* at 1311, (quoting *United*

States v. North, 746 F.2d 627, 630 (9th Cir. 1984)). "So interpreted, the instruction does not correctly state the law." *Id.*

■ The instruction, which reflects our holding in *United States v. North,* 746 F.2d 627, 630 (9th Cir.1984), *cert. denied,* 470 U.S. 1058, 105 S.Ct. 1773, 84 L.Ed.2d 832 (1985), regarding predisposition, is no longer to be given.[1] *See Mkhsian,* 5 F.3d at 1311 ("The instruction in this case was an arguably accurate explanation of this circuit's *North* era law of what constitutes predisposition. The Supreme Court's holding in *Jacobson,* however, changed that law"). Under *Jacobson* as interpreted by *Mkhsian,* a defendant who is initially entrapped by the government cannot then become unentrapped during the same course of conduct. The defendant's predisposition must exist prior to any contact between him and the government.

Bound as we are by *Mkhsian,* we hold that the instruction as given violated Lessard's right to have the jury instructed that the government had to prove each substantive element of its case against him beyond a reasonable doubt. Here the instructions failed to make clear that the government had to prove that, prior to any contact with the government, Lessard had the necessary predisposition to commit the crime charged.

■ Accordingly, we must reverse because we find that the jury instructions "seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* — U.S. —, —, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993).[2]

1. In *North,* we held:
    We do not think that, if North was not initially disposed to sell drugs, he could not, as a matter of law, develop such a disposition during the later course of dealing.... The initial entrapment, assuming it existed, did not immunize North from criminal liability for subsequent transactions that he readily and willingly undertook.
    *North,* 746 F.2d at 630.

2. In light of our holding on this point, we need not and do not reach Lessard's contention that the following *North* instruction was clearly erroneous, *see North,* 746 F.2d at 629:
    In evaluating the defense of entrapment, you may consider its application to all of the events in the case. That is:

REVERSED and REMANDED for a new trial.

1. You may find that the defendant, Michael Lessard was entrapped in the first instance and therefore all criminal acts following were the subject of the initial entrapment, or—
2. You may find that there was no entrapment and therefore none of the acts are subject to the defense of entrapment.
3. You may find that there was entrapment as to some of the acts, but no entrapment as to other of the acts.