33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George LEWIS, Defendant-Appellant.
 No. 93-50342.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1994.
Decided Aug. 16, 1994.
 
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,* Senior District Judge.
 MEMORANDUM**
 George Lewis appeals his jury conviction and sentence for conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute in violation of 21 U.S.C. Secs. 846 and 841(a)(1); and the use and carrying firearms during commission of a drug trafficking crime in violation of 18 U.S.C. 924(c).
 Oral argument was heard on May 3, 1994. On May 25, 1994, this court ordered additional briefing on the issue of whether the jury instruction on entrapment warrants reversal under United States v. Sterner, 23 F.3d 250 (9th Cir.1994), and cases cited therein.
 I.
 This court has appellate jurisdiction under 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291. "Whether a jury instruction properly states the law of entrapment is a pure question of law subject to de novo review." United States v. Lessard, 17 F.3d 303, 304 (9th Cir.1994). Where an issue is raised for the first time on direct appeal, we will exercise our discretion to correct plain error only in those cases " 'in which a miscarriage of justice would otherwise result.' " United States v. Olano, 113 S.Ct. 1770, 1779 (1993) (quoting United States v. Young, 470 U.S. 1, 15 (1985)).
 
 
 1
 The government initially contends that the jury instruction on entrapment was not raised by the defendant on direct appeal. We conclude, however, that Lewis did contest the issue of entrapment and cited Jacobson v. United States, 112 S.Ct. 1535 (1992) as authority for reversal. In addition, because we requested supplemental briefing on the entrapment instruction, the government had a full opportunity to brief the issue. No undue prejudice can be shown. See generally, United States v. Nadler, 698 F.2d 995, 998 (9th Cir.1983) (no prejudice to parties where, following oral argument, panel sua sponte requested supplemental briefing on the question of whether defendants had a legitimate expectation of privacy in the premises searched).
 
 
 2
 In Jacobson, the Supreme Court ruled that a proper entrapment instruction must state that the government has the burden of proving beyond a reasonable doubt that the defendant is predisposed "to violate the law before the [g]overnment intervened." Jacobson, 112 S.Ct. at 1540-41 & n. 2.
 
 
 3
 In this case, the district court gave the jury the following instruction on entrapment:
 
 
 4
 The person is entrapped when the person has no previous intention to violate the law and is persuaded to commit a crime by Government agents.
 
 
 5
 On the other hand, whereas a person is ready and willing to commit a crime it is not entrapment if Government agents merely provide an opportunity to commit a crime. The Government must prove beyond a reasonable doubt that a Defendant was not entrapped.
 
 
 6
 This instruction is substantially the Ninth Circuit pattern instruction 6.02 (1992)[1], prior to its recent revision. At the defense's request the pattern instruction was modified by adding a sentence stating the government's burden of proof. And, from the bench, the district judge modified the pattern phrase, "where a person is already willing to commit a crime ..." to "whereas a person is ready and willing to commit a crime...."
 
 
 7
 In Sterner, 23 F.3d at 252, the district court instructed the jury that "where a person already has the readiness and willingness to break the law, the mere fact that government agents provide what appears to be a favorable opportunity is not entrapment." An identical instruction was given in United States v. Mkhsian, 5 F.3d 1306 (9th Cir.1993). In both Sterner and Mkhsian we reversed, finding that the trial court committed plain error in giving this entrapment instruction. Likewise, in Lessard, 17 F.3d at 305, we reversed where the entrapment instruction read in part, "were [sic] a person is already willing to commit a crime, it is not entrapment if government agents merely provide an opportunity to commit the crime." The entrapment instruction in the present case, as in Mkhsian, Lessard, and Sterner, is ambiguous and could be interpreted as implying that "even 'if [the defendant] was not initially disposed to [commit the crime], he could ... develop such a disposition during the later course' of interacting with [the government informant]." Sterner, 23 F.3d at 252; Lessard, 17 F.3d at 305.
 
 
 8
 Accordingly, we conclude that the instruction given here was plainly erroneous. As in Sterner and Lessard, the court failed to instruct the jury that it must find that the defendant was disposed to commit the crime prior to the initial government contact. The court therefore violated Lewis's right to have the jury instructed that the government must prove each substantive element of its case beyond a reasonable doubt. Sterner, 23 F.3d at 252; see also, Lessard, 17 F.3d at 306.
 
 
 9
 This error can not be considered harmless. As in Sterner, the crux of Lewis's defense was that his participation in any drug transaction was the result of entrapment by several government informants. "A properly instructed jury might have found that [he] was not predisposed to break the law prior to encountering [government informants]." Sterner, 23 F.3d at 252. Since we reverse Lewis's conviction and remand for a new trial we need not address Lewis's remaining arguments raised on appeal.
 
 
 10
 REVERSED and REMANDED for a new trial.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This instruction, which has subsequently been revised, reads as follows:
 A person is entrapped when the person has no previous intention to violate the law and is persuaded to commit a crime by government agents.
 On the other hand, where a person is already willing to commit a crime, it is not entrapment if government agents merely provide an opportunity to commit the crime.