42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael LOPEZ CAMPOS, Defendant-Appellant.
 No. 93-10678.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 11, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Lopez Campos appeals his conviction, which followed a jury trial, for possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Lopez Campos contends his conviction should be reversed because the district court misstated the government's burden of proving his predisposition to commit illegal acts. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 When an issue is raised for the first time on direct appeal, we will exercise our discretion to correct plain error only in cases where " 'a miscarriage of justice would otherwise result.' " United States v. Sterner, 23 F.3d 250, 252 (9th Cir.1994) (quoting United States v. Olano, 113 S.Ct. 1770, 1779 (1993) (internal quote omitted)).
 
 
 4
 A confidential informant arranged to buy one half kilogram of cocaine from Lopez Campos, who had been convicted a year earlier of possession of cocaine for sale. Lopez Campos testified at his trial that Medina, the informant, persisted in calling him even after he told her he "didn't have any drugs to sell her." He testified further that he finally agreed to get her some cocaine from a friend because she sounded so desperate.
 
 
 5
 Before counsel made opening statements, the district court briefed the jury on the law of entrapment, stating
 
 
 6
 a person is entrapped when the person has no previous intention to violate the law and is persuaded to commit a crime by government agents. On the other hand, where a person is already willing to commit a crime, it is not entrapment if the government agents merely provide an opportunity to commit the crime.
 
 
 7
 We held this instruction improper in United States v. Mkhsian, 5 F.3d 1306 (9th Cir.1993), because the term "already" allowed a jury to convict a defendant who, although not initially disposed to commit the crime, developed such a disposition in the course of interacting with government agents. United States v. Lessard, 17 F.3d 303, 305 (9th Cir.1994).
 
 
 8
 After counsel made closing arguments, the district court instructed the jury as follows.
 
 
 9
 A person is entrapped when the person has no willingness or predisposition at the time he is first contacted by government agents to violate the drug laws and is persuaded to commit the crime charged in the indictment by government agents. On the other hand, where a person is already willing to commit a crime, it is not entrapment if the government agents merely provide an opportunity to commit the crime.... In determining the question of entrapment, you should consider all the evidence received in this case concerning the intentions and disposition of the defendant before encountering the law enforcement officers or their agents....
 
 
 10
 Notwithstanding the district court's repetition of the language we disapproved in Mkhsian, we discern no plain error because the trial judge eliminated the ambiguity of "already" by twice stipulating that the relevant question was whether Lopez Campos was disposed to sell cocaine before Medina called him. Therefore, we affirm. See Sterner, 23 F.3d at 252 (9th Cir.1994).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3