53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ALEJANDRA ARVIZO, Defendant-Appellant.
 No. 93-10649.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1994.
Decided May 3, 1995.
 
 IN PART; VACATED IN PART.
 Before: TANG, SCHROEDER, and REINHARDT, Circuit Judges.
 MEMORANDUM*
 Alejandra Arvizo was convicted of possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1), and using a telephone to facilitate commission of a violation of 21 U.S.C. Sec. 841(a)(1), in violation of 21 U.S.C. Sec. 843(b). On appeal, Arvizo challenges the district court's jury instruction regarding entrapment, arguing that it failed properly to explain the government's burden of proof. Arvizo also challenges the district judge's application of the Sentencing Guidelines, in enhancing her sentence by two levels for obstruction of justice and in denying a two-level reduction for acceptance of responsibility. We affirm the conviction and the denial of the reduction for acceptance of responsibility, but remand for reconsideration of the obstruction of justice enhancement and for consideration of whether Arvizo is entitled to a downward departure for sentencing entrapment.
 
 FACTS
 
 1
 In March 1993 Special Agent Amir Hamidi of the Drug Enforcement Agency received a tip from a confidential informant who was incarcerated at the federal prison in Pleasanton, California. The informant told Agent Hamidi that a fellow inmate named Tomas Ruiz was interested in selling cocaine. Agent Hamidi asked the informant to inform Ruiz that a person named "Ali" (i.e. Hamidi) wanted to make a purchase. The informant provided Hamidi with two telephone numbers and instructed him to ask for "Alejandra."
 
 
 2
 On April 5, 1993, Hamidi telephoned Arvizo at one of the numbers. The Drug Enforcement Agency taped this initial telephone conversation as well as a number of other telephone conversations and meetings between Hamidi and Arvizo, although some portions were inaudible. Hamidi identified himself as Ali and requested that Arvizo meet with him at a restaurant. At the restaurant, Hamidi stated his desire to purchase cocaine and Arvizo stated that she might be able to provide one kilo of cocaine for a price of $23,500. Hamidi expressed an interest in acquiring more than one kilo and provided Arvizo with his pager number so that she could contact him if she was able to obtain the additional amount.
 
 
 3
 Agent Hamidi telephoned Arvizo again the next day and, over the next three weeks, made several more phone calls to Arvizo, during which he escalated his requests regarding the amount of cocaine. On April 29, Hamidi called Arvizo and objected when Arvizo informed him that she could sell only one kilogram at a time. About an hour later Hamidi called her back, and Arvizo informed him that she found a source who would sell five kilograms. They agreed to meet at the same restaurant later that day to conduct the transaction. Arvizo removed a bag containing four packages of cocaine from a truck parked in the lot and was arrested.
 
 
 4
 After her arrest, Arvizo was questioned at the Daly City Police Department. A DEA Special Agent present during the questioning testified that the defendant admitted her involvement in the drug sale that day and talked about how she became involved in the sale of cocaine. At trial Arvizo again admitted her involvement in the aborted transaction with Hamidi. She also testified that she had never seen cocaine before then, and that she had never previously been involved with the sale of narcotics. Arvizo, who at the time was unemployed, claimed that she agreed to meet with Hamidi after being told that he was a businessman seeking a new employee. Arvizo denied telling an officer that she sold drugs for eight months and claimed that a miscommunication due to language difficulties resulted in a misunderstanding of her drug involvement. She also stated that Hamidi made her nervous and afraid. Finally, Arvizo stated that she would not have been involved in the sale of drugs if the agent had not approached her.
 
 
 5
 After receiving an instruction regarding entrapment, the jury convicted her on all counts. At the sentencing hearing on October 19, 1993, the court imposed a two level enhancement for obstruction of justice, and denied a two-level reduction for acceptance of responsibility. As a result, Arvizo's total offense level was set at 32 and she was sentenced to 121 months imprisonment, the minimum allowed under the applicable Guidelines range.
 
 DISCUSSION
 I. Entrapment Instruction
 
 6
 Arvizo first argues that her conviction should be reversed because the jury instruction on entrapment was erroneous. The defense of entrapment involves two elements: (1) government inducement of a crime, and (2) the absence of predisposition on the part of the defendant. United States v. Davis, 36 F.3d 1424, 1430 (9th Cir. 1994), cert. denied, 115 S. Ct. 1147 (1995). Once the defendant shows inducement, the prosecution must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime prior to first being approached by government agents. United States v. Mkhsian, 5 F.3d 1306, 1311 (9th Cir. 1993).
 
 
 7
 We agree that the instruction given was erroneous under this court's decision in United States v. Lessard, 17 F.3d 303 (9th Cir. 1994). The instruction failed to explain that the government must prove beyond a reasonable doubt defendant's predisposition to commit illegal acts before being approached by government agents. United States v. Jacobson, 112 S.Ct. 1535 (1992); see also United States v. Lessard, 17 F.3d 303 (9th Cir. 1994); Mkhsian, 5 F.3d at 1311. Because the instruction deviated from the legal rule established in Jacobson and was identical to Model instruction 6.02, which was prohibited in Lessard and Mkhsian, we agree with Arvizo that the instruction given was erroneous. In fact, we have held that such an instruction constitutes plain error. Lessard, 17 F.3d at 305-06; United States v. Sterner, 23 F.3d 250, 252 (9th Cir. 1994).
 
 
 8
 Although the government does not dispute that the instruction given fails to conform to the requirements set out in Jacobson, it contends that the instruction was unnecessary because there was insufficient evidence regarding inducement and the lack of predisposition to commit the crime. As a general rule, the question whether a defendant has been entrapped is for the jury to decide. Davis, 36 F.3d at 1430. The defendant is entitled to an entrapment instruction if he can present some evidence that a government agent induced him to commit a criminal act that he was not predisposed to commit. United States v. Becerra, 992 F.2d 960, 963 (9th Cir. 1993) (citing United States v. Sotelo-Murrillo, 887 F.2d 176, 179-80 (9th Cir. 1989)). "Only slight evidence will create the factual issue necessary to get the defense to the jury, even though the evidence is 'weak, insufficient, inconsistent, or of doubtful credibility."' Id. at 963.
 
 
 9
 After reviewing the record, we conclude that no instruction was necessary. Arvizo has not provided even the slight evidence necessary to raise a jury question on the issue of inducement or on the issue of predisposition.
 
 
 10
 Inducement can be any government conduct creating a substantial risk that an otherwise law-abiding citizen would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy, or friendship. Davis, 36 F.3d at 1430. The record reflects that, at their first meeting, Agent Hamidi did no more than express a desire to purchase cocaine. When he did so, Arvizo stated that she might be able to sell one kilo. Merely offering the opportunity to commit a crime is not conduct amounting to inducement. United States v. Barry, 814 F.2d 1400, 1402 n.2 (9th Cir. 1987). Nor do Agent Hamidi's subsequent telephone calls over the next several weeks constitute evidence of inducement. Although Arvizo might have been induced to sell a larger quantity than she originally intended to sell, she had already expressed an interest in selling some cocaine.
 
 
 11
 For similar reasons, we conclude that the record is devoid of even "slight evidence" that Arvizo lacked the predisposition to sell cocaine prior to her first contact with Agent Hamidi. Even if Arvizo's testimony were credited, it does not raise an issue of fact on the question of predisposition. It is undisputed that Arvizo expressed a willingness to sell one kilogram of cocaine to Agent Hamidi during their first meeting. During subsequent conversations, she told Agent Hamidi that the reason for her delay in delivering the cocaine was her difficulty in procuring more than one kilogram.
 
 
 12
 In light of this evidence, we conclude that Arvizo was not entitled to an entrapment instruction. Because the record is devoid of even slight evidence that Arvizo was induced or lacked the predisposition to sell one kilogram of cocaine, no entrapment instruction was necessary. We thus affirm Arvizo's conviction.
 
 II. Sentencing Entrapment
 
 13
 Although we affirm Arvizo's conviction, we remand for resentencing, to permit the district court to determine whether she is eligible for a downward departure for sentencing entrapment under our recent decision in United States v. Staufer, 38 F.3d 1103 (1994). Sentencing entrapment occurs when "a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." Id. at 1106 (quoting United States v. Stuart, 923 F.2d 607, 614 (9th Cir. 1991), cert. denied, 499 U.S. 967 (1991)). In this case, there is some evidence that Arvizo was not predisposed to sell the amount of cocaine that was ultimately delivered. Arvizo initially expressed a willingness to provide one kilogram of cocaine, and only agreed to deliver four kilograms after several conversations with Agent Hamidi, during which he insisted that she provide a larger amount.
 
 
 14
 We remand to allow the district court to determine whether, in light of Staufer, Arvizo is eligible for a sentencing entrapment departure. On remand, the parties should be given the opportunity to introduce relevant information and arguments on this question, in accordance with U.S.S.G. Sec. 6A1.3. If the district court concludes that Arvizo was induced to sell a larger amount than she was predisposed to sell, then the district court has discretion to depart downward.
 
 III. Acceptance of Responsibility
 
 15
 Arvizo also argues that the district judge erred in refusing to grant a two point reduction for acceptance of responsibility under section 3E1.1 of the Sentencing Guidelines. The factual determination of acceptance or lack of acceptance of responsibility is reviewed for clear error. United States v. Marquardt, 949 F.2d 283 (9th Cir. 1991).
 
 
 16
 The district judge's determination on this question was not clearly erroneous. In explaining its determination that the defendant did not accept responsibility the court stated:
 
 
 17
 The defendant chose to go to trial and put the government to its proof .... She continued to maintain her innocence throughout and asserted that throughout these proceeds [sic] and put the government to the burden of proof, which the government quite easily satisfied with the evidence, which was very strongly in the government's favor in this case.
 
 
 18
 The only defense that Arvizo raised in this case was entrapment. Arvizo argues that she accepted responsibility for the sale to Agent Hamidi and that the defense of entrapment is not a denial of responsibility. As this court has stated: "By its very nature, the entrapment defense entails a concession on the actual criminal activity." United States v. Molina, 934 F.2d 1440 (9th Cir. 1991). We also stated that "the defense of entrapment and a reduction for acceptance of responsibility, are not necessarily and in all cases, incompatible." Id. From immediately after her arrest until the time of trial, Arvizo admitted her involvement in the aborted transaction with Agent Hamidi. The only respect in which she "maintained her innocence" was in asserting that she had been entrapped. Arvizo contends that the district judge erred in denying her an acceptance of responsibility reduction solely because of her decision to raise an entrapment defense.
 
 
 19
 Although the district judge's remarks might be construed as implying that Arvizo's assertion of an entrapment defense was the sole reason for his decision to deny a reduction for acceptance of responsibility, this decision does not rise to the level of clear error. As the commentary accompanying the Guidelines points out: "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G Sec. 3E1.1 (n. 5). Viewed in this context, the district judge's remarks may be construed as denying Arvizo a reduction because of her failure to demonstrate contrition. Therefore, his denial of a reduction cannot be deemed clear error.
 
 IV. Obstruction of Justice
 
 20
 Finally, Arvizo contests the two-level upward adjustment for obstruction of justice under section 3C1.1 of the Sentencing Guidelines. We review a sentencing court's determination that a defendant obstructed justice for clear error. United States v. Barbosa, 906 F.2d 1366 (9th Cir. 1990), cert. denied, 498 U.S. 961 (1990). Because the district court's reasons for adjusting upward for obstruction of justice were improper, we remand for reconsideration of this question.
 
 
 21
 If the defendant objects to a sentence enhancement resulting from her trial testimony, the district court "must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of justice, or an attempt to do so under the perjury statute." United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993). A finding by the sentencing court that the defendant should receive an enhancement for obstruction of justice under section 3C1.1 is sufficient only if it "encompasses all of the factual predicates for a finding of perjury." Id. at 1117. Perjury is defined as: "giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." Id. at 1116; see also 18 U.S.C. Sec. 1621. The Dunnigan Court pointed out that "not every accused who testified at trial and is convicted will incur an enhanced sentence under Sec. 3C1.1." Id. at 1117. In some instances, the defendant may offer testimony that is truthful, but insufficient to excuse his conduct. In other instances, testimony may be inaccurate as the result of confusion, mistake or faulty memory.
 
 
 22
 In this case the district court failed to make independent findings that Arvizo's testimony satisfied all the elements of perjury. Instead, the court relied on the jury's verdict. In holding that Arvizo obstructed justice, the court stated:
 
 
 23
 The defendant here testified to facts that the jury necessarily disbelieved; otherwise the jury could not have rendered the verdict which it did. So it is not that I so much determined her testimony to be false, although I think I would have drawn that conclusion had I been the finder of fact, but the finders of fact here, the jury, have determined that testimony to be false. And under the guidelines, as I understand them, false testimony constitutes an obstruction of justice, and the presentence report has properly included an adjustment of two points upward to reflect that determination.
 
 
 24
 The district court's remarks make clear that it was relying on the jury's verdict, rather than making independent findings as to all the factual predicates of perjury. This was clear error. Under Dunnigan, the sentencing court is required to make "independent findings" necessary to show that the elements of perjury have been satisfied. Id. at 1117; United States v. Rubio-Topete, 999 F.2d 1334, 1341 (9th Cir. 1993). The court may not simply rely on the jury's verdict in concluding that an enhancement for obstruction of justice is warranted. See United States v. Markum, 4 F.3d 891 (10th Cir. 1993); United States v. Medina, 992 F.2d 573 (6th Cir. 1993), cert. denied, 114 S. Ct. 1049 (1994).[1]
 
 
 25
 The government's reliance on United States v. Arias-Villanueva, 998 F.2d 1491, 1512 (9th Cir. 1993), cert. denied, 114 S. Ct. 573 (1993), is unavailing. As the government points out, Arias-Villanueva holds that the district court is not required to make "specific findings as to specific portions of a defendant's testimony it believes to be false." Id. at 1512. In Arias-Villanueva, we found the district court's finding that the defendant had testified untruthfully regarding his arrest to be sufficient. Here, however, the district court made no findings on the question of perjury, either specific or general, but simply relied on the jury's verdict.
 
 
 26
 Contrary to the government's contention, the district court's deference to the jury's verdict is not excused by the statement: "So it is not that I so much determined her testimony to be false, although I think I would have drawn that conclusion had I been the finder of fact...." First, the court's remark demonstrates that it was not finding her testimony to be perjured, but was relying on the jury's conclusion. Second, the district judge's statement concerns only the falsity of Arvizo's testimony, and does not encompass all the elements of perjury. The district judge stated that, "under the Guidelines, as I understand them, false testimony constitutes an obstruction of justice." This is a misstatement of the law. As the Dunnigan Court made clear, the fact that a defendant's testimony is false is insufficient to warrant an obstruction of justice enhancement, since false testimony may be the result of such factors as "confusion, mistake, or faulty memory." Even if the court's statement were construed as an "independent finding" of the falsity of Arvizo's statement, the district court erred in failing to make independent findings as to the other elements of perjury. Consequently, its decision to enhance Arvizo's sentence for obstruction of justice cannot be sustained.
 
 CONCLUSION
 
 27
 Although the district court gave an erroneous jury instruction regarding entrapment, the defendant failed to offer even slight evidence showing either inducement or the lack or predisposition. Because no entrapment instruction was necessary, the error in the instruction was harmless. We therefore affirm the conviction.
 
 
 28
 The district court did not clearly err in denying a sentence reduction for acceptance of responsibility, but it did clearly err in enhancing the sentence for obstruction of justice. We remand for reconsideration of whether an obstruction of justice enhancement is appropriate. On remand, the district court should also consider whether Arvizo is eligible for a downward departure for sentencing entrapment in light of our recent decision in Staufer.
 
 
 29
 Conviction AFFIRMED; sentence VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Reliance on the jury's verdict is particularly inappropriate here, in light of the fact that the jury, even if it believed Arvizo's testimony, would have been compelled to reject her defense of entrapment. As we hold in part I, there was not even slight evidence of entrapment here. Even if Arvizo's testimony were truthful, this testimony was insufficient to raise an issue of fact on the entrapment question. Consequently, the jury's guilty verdict tells us nothing about whether or not it found Arvizo's testimony credible, much less about whether she perjured herself. Moreover, because this testimony could not have influenced the jury's decision on the entrapment defense, her testimony relating to this defense did not concern a "material matter" and consequently cannot be considered perjury