57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Cristobal CROSTHWAITE-VILLA, Defendant-Appellant.
 No. 93-50510.
 United States Court of Appeals, Ninth Circuit.
 June 7, 1995.
 
 Before FLETCHER, BRUNETTI and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cristobal Crosthwaite-Villa appeals his jury conviction of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. Sec. 846 and possession with intent to distribute a controlled substance in violation of 21 U.S.C. Sec. 841(a)(1). He argues (1) that the indictment should have been dismissed due to governmental misconduct, (2) that the district court should have determined that he had been entrapped as a matter of law, and (3) that the district court erred by giving a potentially misleading and confusing jury instruction regarding the entrapment defense. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * We review de novo whether to dismiss an action for governmental misconduct. See United States v. Davis, 932 F.2d 752, 763 (9th Cir.1991). We have held that prosecution of a defendant will only be barred "when the government's conduct is so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Ramirez, 710 F.2d 535, 539 (9th Cir.1983) (internal quotation omitted.) This has been said to be "an extremely high standard." United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991).
 
 
 4
 Crosthwaite-Villa asserts two contentions in support of his governmental misconduct argument. First, he claims that the Government should be required to have a reasonable suspicion before targeting him as the subject of a sting operation. In his reply brief, he also contends that compensating a governmental informant on a contingency fee basis is a further grounds of governmental misconduct.
 
 
 5
 * We have recently addressed the issue of whether reasonable suspicion is required before initiating a sting operation against an individual. In United States v. Garza-Juarez, 992 F.2d 896 (9th Cir.1993), cert. denied, 114 S.Ct. 724 (1994), we explicitly rejected "a 'reasoned grounds' requirement for investigation of an individual...." Id. at 904 (internal quotation omitted).
 
 
 6
 A similar argument was made and rejected in United States v. Emmert, 829 F.2d 805 (9th Cir.1987). In that case, we held that a reasonable suspicion requirement was inconsequential because the defendant did not become the target of the investigation until after he had voluntarily agreed to accept the invitation of the Government agent to become involved in the sale of narcotics. Id. at 812.
 
 
 7
 In this case a reasonable suspicion requirement is also of no consequence. Crosthwaite-Villa did not become a subject of a sting operation until after he had said that he could supply a multi-pound quantity of methamphetamines, even though the evidence was such that he had never done so in the past. Although the DEA agent may have been somewhat misled by the confidential informant in that Crosthwaite-Villa may not have been a dealer at the time, Crosthwaite-Villa, nevertheless, agreed to supply a large quantity of methamphetamines without reluctance. Under these circumstances, we cannot categorize the government's conduct in making him the subject of a sting operation as "outrageous."
 
 B
 
 8
 Crosthwaite-Villa argues in his reply brief that the law of the case doctrine should apply to this case. He urges us to rely on the opinion of the appeal of his codefendants which had been published in United States v. Solorio, 37 F.3d 454 (1994). That opinion, however, has since been withdrawn and that panel has issued an unpublished memorandum disposition which has resolved the appealable issues in that case. We invited further briefing on the question of the effect of that decision on this appeal.
 
 
 9
 "We have previously found the law of the case doctrine to be applicable when the appeal of one codefendant is decided prior to the appeal of the other codefendant, if both were convicted at the same trial." United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991). We held in the unpublished disposition of United States v. Solorio, No. 93-50507, and United States v. Thomas, No. 93-50508 (9th Cir.1994), that the evidence was insufficient to "establish that [the confidential informant's] compensation was contingent upon obtaining convictions; it only establishe[d] that he would receive payment for information that led to 'successful investigations.' " Id. at 6. Applying the law of the case doctrine to the matter at hand, we cannot find that there was governmental misconduct due to the way the confidential informant was compensated.
 
 
 10
 Crosthwaite-Villa also argues in his supplemental brief that the Solorio-Thomas decision on "exploitation of intimate relationships" should not come within the doctrine of law of the case since Crosthwaite-Villa's relationship with the informant was different than Thomas's. Assuming this to be true for purposes of discussion, the use of the informant's relationship developed during the attempt to recover Crosthwaite-Villa's vehicle was not outrageous when it led to discussion of drug dealing. Exploitation of intimate relationships is not a ground for finding outrageous conduct, whether as law of the case following Solorio-Thomas, or as the result of a separate review of the facts of Crosthwaite-Villa's case. United States v. Simpson, 813 F.2d 1462 (9th Cir.), cert. denied, 484 U.S. 898 (1987).
 
 II
 
 11
 A defendant's contention that he or she was entrapped as a matter of law is reviewed de novo. United States v. Davis, 36 F.3d 1424, 1430 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). To justify an acquittal as a matter of law, "the defendant must point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent." United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986) (emphasis added). The evidence in this case is certainly not "undisputed."
 
 
 12
 We have developed five factors which to consider when evaluating entrapment. Those factors are (1) the character of the defendant, (2) who made the initial suggestion of the illegal activity, (3) whether the defendant engaged in the activity for profit, (4) whether the defendant showed any reluctance to participation, and (5) the nature of the Government's inducement. United States v. Bonanno, 852 F.2d 434, 438 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). "The most important factor is whether the defendant showed any reluctance to commit the criminal act which was overcome by repeated government inducement." Id.
 
 
 13
 Three of the five factors weigh heavily in favor of the Government. First, Crosthwaite-Villa was an admitted drug user and was in the country illegally which shows a propensity to violate the law. Second, it is clear from the record that he engaged in the activity for profit. Not only was he to receive financial reward, but he also negotiated to receive a portion of the drugs for his own use. Third, and most importantly, the record appears to show his reluctance to participate in the drug deal was minimal at best. The other two factors, the nature of the inducement and who suggested the criminal activity are inconclusive.
 
 
 14
 Based on the record, we hold that Crosthwaite-Villa has failed to present the "undisputed" evidence necessary to sustain an acquittal due to entrapment as a matter of law.
 
 III
 
 15
 When an appellant alleges an error in the formulation of the jury instructions, the instructions are considered as a whole and an abuse of discretion standard is applied to determine if they are misleading or inadequate. Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir.1992). An error in the jury instructions does not require reversal if it is more probable than not that the error was harmless. Del Madera Properties v. Rhodes and Gardner, Inc., 820 F.2d 973, 979 (9th Cir.1987).
 
 
 16
 Crosthwaite-Villa admits that the jury instructions given were a correct statement of the law.[1] The minor changes that he requested, changing "agents" to "agent" and eliminating "law enforcement officers" from the instruction, did not substantively change the instruction as given. Furthermore, considering the instructions as a whole, and considering the case as presented to the jury, the contested instruction was not misleading.
 
 IV
 
 17
 For the foregoing reasons, we AFFIRM the convictions.
 
 
 18
 AFFIRMED.
 
 
 19
 FLETCHER, Circuit Judge, Dissenting.
 
 
 20
 The majority affirms without considering whether the entrapment instruction was defective as a matter of law. Because the instruction was seriously flawed, I respectfully dissent.
 
 
 21
 "Where the Government has induced an individual to break the law and the defense of entrapment is at issue, ... the prosecution must prove beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." Jacobson v. United States, 112 S.Ct. 1535, 1540 (1992). It is not enough to show that the defendant later became enthusiastic about participating in the criminal enterprise. The government must show predisposition before any approach has been made. Id., United States v. Mkhsian, 5 F.3d 1306, 1310-11 (9th Cir.1993). Five factors are relevant in determining predisposition: (1) the character of the defendant, (2) who first suggested the criminal activity, (3) whether the defendant engaged in the activity for profit, (4) whether the defendant demonstrated reluctance, and (5) the nature of the government's inducement. United States v. Citro, 842 F.2d 1149, 1152 (9th Cir.1988).
 
 
 22
 In its instructions to the jury at Crosthwaite-Villa's trial the court stated,
 
 
 23
 A person is entrapped when that person has no previous intent or disposition or willingness to commit the crimes charged and is induced or persuaded by law enforcement officers or by their agents, to commit the offense.
 
 
 24
 A person is not entrapped when that person has a previous intent or disposition or willingness to commit the crimes charged and law enforcement officers or their agents merely provide what appears to be an opportunity to commit the offenses.
 
 
 25
 ... In determining the question of entrapment, the jury should consider all of the evidence received in this case concerning the intentions and disposition of defendant Cristobal Crosthwaite-Villa before encountering the law enforcement officers or their agents as well as the nature and the degree of the inducement or persuasion provided by the law enforcement officers or their agents.
 
 
 26
 These instructions were inadequate for several reasons. First, because they did not "inform[ ] the jury that the government has to prove beyond a reasonable doubt the defendant's predisposition 'to violate the law before the [g]overnment intervened.' " United States v. Sterner, 23 F.3d 250, 252 (9th Cir.1994) (quoting Jacobson, 112 S.Ct. at 1540-41 and n. 2). We have consistently rejected entrapment instructions that use only the terms "previously" or "already," without a precise time frame instructing that the predisposition must have existed prior to any government contact. United States v. Lessard, 17 F.3d 303, 305-06 (9th Cir.1994). The jury here also was instructed to "consider ... the intentions and disposition" of Crosthwaite-Villa before encountering the government agents. However, this language is not a cure. It neither requires the jury to make a finding beyond a reasonable doubt nor requires a finding of predisposition. See Mkhsian, 5 F.3d at 1311.
 
 
 27
 In addition, the court used the terms "intent," "disposition," and "willingness" interchangeably and in the alternative in the instructions, without recognizing that intent and willingness are two elements of the predisposition determination, not synonyms for predisposition. Citro, 942 at 1152. Thus, the jury was not instructed adequately as to what it must find to find predisposition.
 
 
 28
 In his brief, Crosthwaite-Villa's counsel described the instructions as "a correct statement of the law" but "potentially confusing and misleading." The majority interprets this as a waiver of a Jacobson challenge. However, the majority misunderstands the essence of Crosthwaite-Villa's objection to the instructions.
 
 
 29
 Crosthwaite-Villa challenged the instructions both at trial and on appeal on the ground that use of the plural terms "law enforcement officers" and "agents" may have confused the jurors because it allowed them to find predisposition when Crosthwaite-Villa sold drugs to a second agent, well after the initial contact by the first agent, without finding predisposition before any government contact. Although inartfully phrased, this was a "Jacobson challenge" despite Crosthwaite-Villa's failure to cite that case. See Elder v. Holloway, 114 S.Ct. 1019, 1023 and n. 3 (1994) (requiring appellant to cite precise authority "could occasion appellate affirmation of incorrect legal results").
 
 
 30
 Given the lack of evidence that Crosthwaite-Villa sold drugs before his first encounter with Barruetta, and the possibility that he was motivated to supply drugs primarily by his desire to retrieve his truck, a properly instructed jury might have found that the government failed to prove beyond a reasonable doubt that he was predisposed to sell drugs prior to meeting Barruetta. Because several essential elements were omitted from the jury instructions, and the errors were not harmless, the conviction should be reversed. See Mkhsian, 5 F.3d at 1311 (citing United States v. Montoya, 945 F.2d 1068, 1074 (9th Cir.1991)).
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The dissent argues that a challenge under Jacobson v. United States, 112 S.Ct. 1535 (1992), was made, though "inartfully phrased." However, this misses the thrust of Crosthwaite-Villa's brief. He there said not only that Instruction No. 33 was a correct statement of the law, but also: "The jury was instructed that it should examine the evidence of Crosthwaite's deposition before encountering law enforcement officials." (Emphasis added.) Given the specific language in Instruction No. 33, that the jury should consider the evidence concerning "the intentions and disposition of defendant ... before encountering the law enforcement officers or their agents...." this was not an unnecessary concession. Appellant did more than simply fail to cite Jacobson, he agreed that the instruction was a correct statement of the law. A Jacobson challenge was not only not presented, it would not have been tenable given the language in the instruction