68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David H. CHIANG, Defendant-Appellant.
 No. 94-50529.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1995.
Decided Oct. 12, 1995.
 
 Before: BOOCHEVER, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David H. Chiang was convicted on five counts of bribing a public official in violation of 18 U.S.C. Sec. 201(b)(1) (1988). He was sentenced to a concurrent term of twenty-seven months on each count. He appeals his conviction.
 
 
 3
 Chiang argues that the district court should have acquitted him because he was entrapped as a matter of law by government agents. The existence of entrapment is ordinarily a question of fact for the jury. United States v. Lessard, 17 F.3d 303, 305 (9th Cir. 1994). Chiang requested and received a jury instruction on the law of entrapment. The jury found Chiang guilty.
 
 
 4
 Chiang never requested that the district court decide the issue of entrapment as a matter of law. When a defendant raises an issue on appeal that was not raised before the district judge, the court of appeals may review for plain error. See Fed. R. Crim. P. 52(b); United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir. 1986).
 
 
 5
 The defense of entrapment has two elements: (1) government inducement of the crime, and (2) the absence of predisposition on the part of the defendant. United States v. Skarie, 971 F.2d 317, 320 (9th Cir. 1992). For a defendant to have been entrapped as a matter of law, "there must be undisputed evidence establishing both that defendant was induced to commit the crime and that he lacked the predisposition to do so." United States v. Lorenzo, 43 F.3d 1303, 1305 (9th Cir. 1995). Specifically, as to inducement, the defendant must present undisputed evidence "making it patently clear that an otherwise innocent person was induced to commit the illegal act." Id.
 
 
 6
 In the present case, Chiang did not present undisputed evidence that the government induced him to make the bribes. On October 18, 1993, Chiang met with Mary Kay Pittner ("Pittner"), a revenue officer for the Internal Revenue Service ("IRS"), to discuss the taxes Chiang had failed to pay as president and part owner of two Arby's restaurants. Chiang told Pittner that he wanted to work with her directly to resolve this situation. He said he wanted her to "trust" him, and not to handle his account according to the "law." Although this statement may have reflected Chiang's belief that it was illegal for Pittner to delay IRS enforcement action against his restaurants, the jury could have properly concluded that Chiang's reference to the "law" indicated his desire to have Pittner act illegally, and thus could have inferred that the statement was a prelude to offering a bribe.
 
 
 7
 After the October 18 meeting, Pittner contacted an IRS internal security inspector to discuss the Chiang situation. At the direction of the security inspector, Pittner placed several recorded phone calls to Chiang to determine whether Pittner misunderstood Chiang's references to "trust" and "law." Chiang asserts that these conversations prove that Pittner proposed the idea of doing something illegal. During one recorded call, Pittner asked Chiang whether he wanted her to do something that was not legal, and Chiang responded: "Okay fine.... Like what?" Although the early conversations were veiled in subtleties, at no point did Pittner ask Chiang for a bribe as consideration for her failure to proceed with collection actions. Accordingly, the jury could have concluded that Chiang's statements at the October 18 meeting, and not Pittner's question, first suggested the possibility of illegal conduct.
 
 
 8
 Moreover, toward the end of the same recorded phone call, Chiang made Pittner an unsolicited offer, which the jury could have determined was the first bribe offer. Chiang and Pittner had been discussing whether Pittner could delay the IRS enforcement action against Chiang and his restaurants. Pittner informed Chiang that to do so would be dangerous for her because she gets reviewed and to delay is "not the legal way." To encourage Pittner to delay enforcement, Chiang said that if he failed to pay his taxes after receiving more time, Pittner could have his car. Thus, Chiang made the first overt suggestion of a payoff or bribe, and this exchange between Chiang and Pittner, by itself, practically eliminates Chiang's claim that there was undisputed evidence of entrapment.
 
 
 9
 Finally, at an October 26 meeting, Chiang, not Pittner, suggested that he pay Pittner $1,000 to delay any enforcement action. He also put a $10,000 bribe offer into writing at this meeting. Although Chiang asserted that he was not the one controlling the meetings with Pittner, Chiang actively sought to finalize the bribery arrangement. He determined what Pittner was to do for the bribe and determined the amount of the bribe. At no time did Pittner state that she would eliminate Chiang's taxes only if he paid her a bribe.
 
 
 10
 Based on this evidence, a jury could have concluded that the government did not induce Chiang to bribe Pittner. Given that the evidence relating to inducement was disputed and thus presented a question for the jury, it is not necessary for us to determine whether there was undisputed evidence that Chiang lacked the predisposition to make a bribe.
 
 
 11
 We cannot but add, however, that a government official dealing with one from a foreign country, where customs may well differ from ours, under the circumstances could probably have eliminated any temptation by a forthright statement that nothing illegal could be considered. The law of inducement, however, contains no such requirement.
 
 
 12
 We hold that Chiang failed to present undisputed evidence showing that the government induced him to commit the crimes. The issue of entrapment properly went to the jury. Thus, the district court did not commit plain error in not finding that Chiang was entrapped as a matter of law.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3