141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gayle Meshawn BROWN, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 97-55112.
No. CV 96-2883 DWW.
No. CR 91-00942-DWW.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Oct. 10, 1997.
Decided March 23, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California David W. Williams, District Judge, Presiding.
 
 
 2
 Before REINHARDT and TASHIMA, Circuit Judges, and FITZGERALD, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Gayle Meshawn Brown appeals the district court's order denying her motion under 28 U.S.C. § 2255 to vacate, set aside or correct her sentence. Brown filed her § 2255 motion after she unsuccessfully appealed her conviction under 21 U.S.C. §§ 846 and 843(b) for conspiracy to distribute cocaine and use of an interstate communication device to facilitate the distribution of cocaine. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we reverse and remand for a new trial in the underlying criminal case.
 
 
 5
 Brown was convicted on March 5, 1992, following a trial in which her only defense was entrapment. On September 27, 1993, the Ninth Circuit decided United States v. Mkhsian, 5 F.3d 1306 (9th Cir.1993), in which we reversed drug conspiracy convictions on the basis of a jury instruction on entrapment similar to that given in Brown's trial. Eleven days later, we denied Brown's direct appeal without mentioning Mkhsian. Brown now contends that the entrapment instruction given in her case was erroneous under Mkhsian.
 
 
 6
 The government argues that Brown's jury instruction claim is barred because the issue was decided on her direct appeal. See United States v. Currie, 589 F.2d 993, 995 (9th Cir.1979) ("Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."). This argument fails because, although the panel on direct appeal addressed Brown's claim that she was entrapped as a matter of law, it did not address this jury instruction claim. See United States v. Brown, 1993 WL 404232 (9th Cir. Oct.8, 1993).
 
 
 7
 Mkhsian makes clear that a substantive claim of entrapment as a matter of law differs from a claim of erroneous jury instructions on entrapment. See Mkhsian, 5 F.3d at 1309-11 (rejecting claims of entrapment as a matter of law, but reversing convictions based on erroneous jury instructions). A substantive claim focuses on the sufficiency of the evidence and requires acquittal if successful; whereas, a faulty jury instruction claim examines whether the jury was erroneously instructed on how to weigh the evidence and, if successful, requires a new trial. The two claims thus "protect different sorts of rights and require different legal analyses." Molina v. Rison, 886 F.2d 1124, 1130 (9th Cir.1989). Brown's jury instruction claim was not addressed on her direct appeal;therefore, it is not barred.
 
 
 8
 Brown did not object to the North-based jury instruction at her trial because Mkhsian had not yet been decided. We can correct an error not raised at trial only where there is (1) error, (2) that is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Johnson v. United States, 520 U.S. 461, ---- - ----, 117 S.Ct. 1544, 1548-49, 137 L.Ed.2d 718 (1997); United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
 
 
 9
 The government concedes that there is error and that it is plain.[1] The North-based jury instruction "failed to inform the jury that the government had to prove [Brown's] predisposition prior to [her] initial contact with the informant," thus "violat[ing] [her] right to have the jury instructed that the government must prove each substantive element of its case beyond a reasonable doubt." United States v. Sterner, 23 F.3d 250, 252 (9th Cir.1994); see also United States v. Lessard, 17 F.3d 303, 306 (9th Cir.1994).
 
 
 10
 This was a very close case on the merits of the entrapment issue, making the error particularly egregious. Moreover, the erroneous North-based instruction was compounded by the fact that the trial court twice instructed the jury that the defense of entrapment is "unavailable to a defendant, who, motivated by greed, accepts an opportunity to commit an offense." This instruction erroneously made the question of greed determinative rather than merely one of five factors to be considered in determining whether a defendant was predisposed to commit a crime. See United States v. Thickstun, 110 F.3d 1394, 1397 (9th Cir.1997) (listing the five factors and noting that "[a]lthough none of the factors is conclusive, the defendant's reluctance is the most important."); United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992) (same).
 
 
 11
 The closeness of the issue plus the combination of these two errors affected Brown's substantial rights and the fairness of the proceedings, requiring reversal and a new trial on the basis of the erroneous entrapment instructions.[2] See Sterner, 23 F.3d at 252-53; Lessard, 17 F.3d at 306.
 
 
 12
 REVERSED and REMANDED, with instructions to order a new trial in United States v. Brown, No. CR 91-0942 DWW, the underlying criminal action.
 
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The error meets the second Olano prong because this case falls into the exception created in Johnson and noted in United States v. Turman, "[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be plain at the time of appellate consideration." United States v. Turman, 122 F.3d 1167, 1170 (9th Cir.1997) (alterations in original) (quoting Johnson, 520 U.S. at ----, 117 S.Ct. at 1549)
 
 
 [2]
 The district court properly denied Brown's claim regarding jury intimidation as already raised and addressed in her direct appeal