**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dong Soo KIM, aka Danny Kim,**
**Defendant–Appellant.**

**No. 96–50347.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 1998.

Decided April 29, 1999.

___

5. Judge Stagg intends to file a separate dissenting opinion.

Verna Wefald, Pasadena, California, for the defendant-appellant.

Lawrence Ng, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: HUG, Chief Judge, and BOOCHEVER and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

Danny Kim was convicted of manufacturing, distributing and possessing methamphetamine and possessing an unregistered firearm. He raises a number of contentions on appeal, the most serious of which concerns the entrapment instruction given by the district court.

An Byung Hoon (An), a government informant, was the prosecution's principal witness at trial. An testified that he reunited with his old friend Kim and a month later agreed to supply Kim with ephedrine, the key ingredient of methamphetamine. During frequent meetings, An and Kim discussed Kim's plans to convert the ephedrine to methamphetamine and sell it. Surveillance tapes admitted at trial corroborated much of An's testimony.

Kim's defense was that the government had used An to entrap him, and the district court instructed the jury as follows:

> A person is entrapped when the person has no previous intention to violate the law and is persuaded to commit a crime by government agents. On the other hand, *where a person is already willing to commit a crime it is not entrapment if government agents merely provide an opportunity to commit the crime.* It is well settled that entrapment is a complete defense when the criminal design originates with a government agent who induces a citizen by persuasion or deceit to commit a crime which he would not have committed in the absence of such inducement if three things occurred:
>
> . . . .
>
> . . . [T]hird, the defendant was not ready and willing to commit the crime before the government agent spoke with him.
>
> . . . .
>
> On the issue of entrapment, as on all other issues, the government must convince you beyond a reasonable doubt that the defendant was not entrapped by the government agent. [Emphasis added.]

Kim did not object at trial but now claims this instruction was erroneous. "Whether a jury instruction properly states the law of entrapment is a pure question of law subject to *de novo* review." *United States v. Lessard,* 17 F.3d 303, 304 (9th Cir.1994). We hold that the instructions as a whole did comply with the law of entrapment as stated in *Jacobson v. United States,* 503 U.S. 540, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992), and therefore that Kim has not demonstrated error, much less plain error.

*Jacobson* held that where a defendant asserts an entrapment defense, "the prosecution must prove beyond a reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." *Id.*

at 549, 112 S.Ct. 1535. Kim argues that the court ran afoul of *Jacobson* by instructing the jury that the government had met its burden if it showed that Kim was "already willing to commit a crime." Indeed, we have frequently invalidated instructions that use this wording. *See United States v. Burt,* 143 F.3d 1215, 1218 (9th Cir.1998); *Lessard,* 17 F.3d at 305–06; *see also United States v. Sterner,* 23 F.3d 250, 252 (9th Cir.1994) (invalidating "where a person already has the readiness and willingness to break the law");[1] *United States v. Mkhsian,* 5 F.3d 1306, 1310–11 (9th Cir.1993), *overruled on other grounds by United States v. Keys,* 133 F.3d 1282, 1287 (9th Cir.1998) (en banc) (same). Each of these cases reasoned that "already" is ambiguous-and thus improper under *Jacobson*-because it does not, standing alone, inform the jury that it must examine the defendant's disposition before any contact with the government. *See, e.g., Mkhsian,* 5 F.3d at 1311.

However, the district court here clarified its instruction by directing Kim's jury to find that the government had entrapped Kim if "[he] was not ready and willing to commit the crime before the government spoke with him." Such additional language, specifying that the jury must examine the defendant's criminal disposition prior to any contact with government agents, brings an otherwise ambiguous entrapment instruction into conformity with *Jacobson.* This is similar to the situation we addressed in *United States v. Lorenzo,* 43 F.3d 1303 (9th Cir.1995). There, the district court clarified its use of "already willing" by stating that "the jury should consider ... the disposition of the Defendant before encountering the law enforcement officers." *Id.* at 1307. There, as here, the additional language adequately dispelled any ambiguities about the appro-

priate time frame for determining Kim's disposition.

An unpublished disposition addresses Kim's other contentions on appeal, one of which requires that we vacate his sentence and remand for resentencing.

**AFFIRMED in part; VACATED and REMANDED in part.**

---

1. Apparently, the trial judge in *Sterner* did clarify the instruction by stating that the government met its burden if it proved the defendant was ready and willing to commit the crime "before anything at all occurred respecting the alleged offense involved in this case." *Sterner,* 23 F.3d at 253 (Rymer, J., dissenting). However, because it failed to specify that the appropriate time frame is before the defendant's contact with government authorities, this language did not satisfy *Jacobson.*