**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Benton D. BURT, Defendant–Appellant.**

**No. 94–10309.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 1995.

Decided May 8, 1998.

Karen L. Landau, San Francisco, California, for defendant-appellant.

Charles B. Burch, Assistant United States Attorney, San Francisco, California, for plaintiff-appellee.

Before: FLETCHER,* BEEZER and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

The government's petition for rehearing is denied and the suggestion for rehearing en banc is rejected. In a separate order, the memorandum disposition filed on May 17, 1996 has been withdrawn in its entirety. We enter the following opinion.

Benton Douglas Burt appeals his convictions and sentence for distributing methamphetamine, being a felon in possession of a firearm and using a firearm during a drug trafficking offense. Burt represented himself at trial but enjoys counsel on appeal. Among other things, Burt contends that the district court's entrapment instruction did not accurately state the government's burden of proof with respect to predisposition. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse in part, affirm in part and remand for resentencing.

I

On September 30, 1991, Paula Trichel introduced Burt to undercover Officer Leslie Vanderpool of the Santa Rosa Police Department. Burt was unaware that Trichel was a police informant. Vanderpool purchased a substance containing methamphetamine from Burt on several occasions in October 1991. After one such purchase on October 22, 1991, Vanderpool arrested Burt. Police officers searched Burt and his residence pursuant to a search warrant, finding methamphetamine in Burt's pocket, a bottle of Vitablend powder for cutting methamphetamine in the house and a black bag in the back yard. The bag contained methamphetamine, drug distribu-

---

* Pursuant to G.O. § 3.2g, Judge Fletcher has been drawn as the replacement for Judge Norris, who has retired from the court. Judge Fletcher has read the briefs filed by the parties and considered all supplemental papers filed in this case.

tion paraphernalia and a loaded .38 caliber revolver.

A grand jury returned an indictment against Burt and codefendant Gayle Freeman.[1] The indictment charged Burt with distribution of and possession with intent to distribute methamphetamine (five counts), possession of a firearm by a convicted felon and use of a firearm during the commission of a drug trafficking offense.

With the assistance of appointed standby counsel, Burt represented himself at trial. Burt claimed that Trichel had set him up. Burt testified that Trichel gave him a substance containing methamphetamine but told him it contained vitamins. According to Burt, Trichel claimed that Vanderpool was in need of legal assistance. Burt argued that Trichel coerced him into delivering the substance for her by preying on Burt's desire to do legal work. Burt also testified that he hoped to keep Trichel from influencing Freeman, who had been arrested for drug possession and had been in the hospital recovering from a methamphetamine overdose.

The jury convicted Burt on all counts. Burt timely appealed.

## II

■ Burt argues that the district court committed plain error by using an invalid entrapment instruction. At trial, Burt offered a slightly modified version of Model Ninth Circuit Jury Instruction No. 6.02, which had been provided to him by his standby counsel. The district court rejected Burt's modification and instead offered Model Ninth Circuit Jury Instruction No. 6.02. That instruction had previously been invalidated by the Supreme Court's decision in *Jacobson v. United States*, 503 U.S. 540, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992), because the instruction did not accurately state the government's burden of proof with respect to predisposition. *See United States v. Lessard*, 17 F.3d 303, 305–06 (9th Cir.1994) (recognizing that the Supreme Court's decision in *Jacobson* invalidated Ninth Circuit Model Jury Instruction No. 6.02). The government did not object to the giving of the instruction.

The government contends that because Burt proposed the defective entrapment instruction, the invited error doctrine bars Burt from challenging the instruction on appeal. Until recently, we denied review under the invited error doctrine where the defendant proposed flawed jury instructions, unless extraordinary circumstances were present. *See, e.g., United States v. Butler*, 74 F.3d 916, 918 n. 1 (9th Cir.), *cert. denied*, ── U.S. ──, 117 S.Ct. 392, 136 L.Ed.2d 308 (1996); *United States v. Staufer*, 38 F.3d 1103, 1109 n. 4 (9th Cir.1994); *United States v. Baldwin*, 987 F.2d 1432, 1437 (9th Cir. 1993); *Marshall v. United States*, 409 F.2d 925, 927 (9th Cir.1969). However, we recently reconsidered the invited error doctrine in light of the plain error analysis outlined by the Supreme Court in *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir.1997) (en banc). In *Perez*, we concluded "that *Olano* limits our application of the invited error doctrine to those rights deemed waived, as opposed to merely forfeited." 116 F.3d at 842.

■ Waiver occurs where a defendant intentionally relinquishes or abandons a known right. *Id.* at 845. A defendant's right to challenge a jury instruction is waived if the defendant considered the controlling law and "in spite of being aware of the applicable law, proposed or accepted a flawed instruction." *Id.* In Burt's case, there is no evidence that the defendant, the government or even the court was aware that the Supreme Court's opinion in *Jacobson* invalidated both Burt's proposed entrapment instruction and the entrapment instruction ultimately given by the district court. *See id.* Burt did not knowingly relinquish his right to an entrapment instruction that accurately stated the applicable law. *See id.* Accordingly, we review Burt's challenge to the jury instructions as a forfeited error under Federal Rule of Criminal Procedure 52(b).

■ Under Rule 52(b), we may correct forfeited errors in the trial process if there exists (1) an error, (2) that is plain and (3) that affects substantial rights. *United States*

1. Freeman pleaded guilty and the district court sentenced her separately.

v. *Uchimura,* 125 F.3d 1282, 1287 (9th Cir. 1997). If these three elements are present, we have discretion to correct an error under Rule 52(b) "if the error seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings." *Olano,* 507 U.S. at 736, 113 S.Ct. at 1779 (quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)) (internal quotation marks omitted).

■ The error in the district court's entrapment instruction meets these criteria. The instruction was erroneous because it failed to state clearly the government's burden of establishing "beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by [g]overnment agents." *Jacobson,* 503 U.S. at 549, 112 S.Ct. at 1540 (1992); *see also United States v. Sterner,* 23 F.3d 250, 252 (9th Cir.1994); *Lessard,* 17 F.3d at 305.[2]

The defect in the entrapment instruction was both clear and obvious. *See Olano,* 507 U.S. at 734, 113 S.Ct. at 1777–78. The Supreme Court decided *Jacobson* nearly two years before Burt's case came to trial. Prior to Burt's trial, our decisions in *United States v. Skarie,* 971 F.2d 317, 320 (9th Cir.1992), and *United States v. Mkhsian,* 5 F.3d at 1311, *overruled on other grounds by United States v. Keys,* 133 F.3d 1282, 1287 (9th Cir.1998) (en banc), confirmed that *Jacobson* changed the law of our circuit with respect to jury instructions on the entrapment defense. In light of this authority, the district court's failure to give an accurate jury instruction on the entrapment defense constituted plain error.

Finally, the defect in the entrapment instruction affected substantial rights. Specifically, the entrapment instruction given by the district court violated Burt's right "to have the jury instructed that the government had to prove each substantive element of its case against him beyond a reasonable doubt." *Lessard,* 17 F.3d at 306. The instruction relieved the government of its burden to demonstrate that Burt was disposed to sell drugs before he was contacted by government agents. Based on the evidence introduced at trial, a properly instructed jury could have found that Burt was not predisposed to sell drugs before encountering Trichel. *See Sterner,* 23 F.3d at 252.

■ The government argues that the defect in the entrapment instruction did not affect substantial rights because Burt was not entitled to an entrapment instruction. We disagree. Even if Burt's claim that he had no knowledge of the methamphetamine conflicted with his entrapment defense, Burt was entitled to an entrapment instruction if the evidence sufficiently supported a finding of entrapment. *See United States v. Marbella,* 73 F.3d 1508, 1512 (9th Cir.), *cert. denied, Amigable v. United States,* 518 U.S. 1020, 116 S.Ct. 2555, 135 L.Ed.2d 1073 (1996), (citing *Mathews v. United States,* 485 U.S. 58, 62, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988)). A defendant need only present "slight" evidence of two elements in order to receive an entrapment instruction: (1) inducement by a government agent to commit an illegal act that (2) the defendant was not predisposed to commit. *United States v. Sotelo–Murillo,* 887 F.2d 176, 179 (9th Cir.1989).

Burt's evidence of inducement and lack of predisposition met this threshold. Burt testified that Trichel, the informant, induced him to deliver the substance to Vanderpool by preying on Burt's desire to do legal work. Burt also testified that he hoped to keep Trichel from influencing Freeman, who had previously overdosed on methamphetamine and had also been arrested for drug possession. Burt similarly presented evidence that

---

**2.** Both *United States v. Sterner,* 23 F.3d 250, 252 (9th Cir.1994), and *United States v. Lessard,* 17 F.3d 303, 305 (9th Cir.1994), cite *United States v. Mkhsian,* 5 F.3d 1306, 1310–11 (9th Cir.1993), for the proposition that defects in a district court's entrapment instructions raised for the first time on appeal are reviewed for plain error under Federal Rule of Criminal Procedure 52(b). In *Mkhsian,* we actually reviewed the district court's entrapment instructions for harmless error under Federal Rule of Criminal Procedure

52(a). 5 F.3d at 1311. We later held that our use of harmless error review in *Mkhsian* was inappropriate. *See United States v. Keys,* 133 F.3d 1282, 1287 (9th Cir.1998) (en banc) (overruling *Mkhsian*). Although *Sterner* and *Lessard* mischaracterized the analysis in *Mkhsian,* they remain good law because they correctly applied the plain error standard of review as required by *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

he was not predisposed to commit drug offenses. Burt had been convicted of serious crimes in the past, but had no history of drug offenses. At trial, Burt also claimed that he initially refused to help Trichel deliver the substance. This evidence of inducement and lack of predisposition entitled Burt to an entrapment instruction that accurately stated the applicable law.

■ We may exercise our discretion under Rule 52(b) to correct a plain error "if the error seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings." *Olano,* 507 U.S. at 736, 113 S.Ct. at 1779 (quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)) (internal quotation marks omitted). We have declined to notice plain errors in entrapment instructions where overwhelming evidence established that the defendant was not induced by government agents and was predisposed to commit the charged offense. *See United States v. Jackson,* 72 F.3d 1370, 1378 (9th Cir.1995), *cert. denied,* 517 U.S. 1157, 116 S.Ct. 1546, 134 L.Ed.2d 649 (1996); *United States v. Davis,* 36 F.3d 1424, 1432 (9th Cir.1994).

In *Jackson,* we held that reversal of the defendant's conviction on the basis of an erroneous entrapment instruction was not warranted because "the evidence virtually compell[ed] a finding that the defendant was predisposed." 72 F.3d at 1378. In *Davis,* we similarly held that an invalid entrapment instruction did not require reversal where the government's evidence strongly supported a finding of predisposition and the defendant's inducement theory was implausible. 36 F.3d at 1432.

Burt's case offers no such reassurance. The government's evidence of predisposition was not compelling. Although the government established that Burt had a black bag in his back yard that contained a revolver and methamphetamine, the government did not demonstrate that Burt possessed the bag prior to encountering Trichel. The only testimony regarding the bag came from Burt's neighbor, who stated that she had seen the bag in Burt's back yard for "[a] month, I'm not sure" prior to Burt's October 22 arrest. The neighbor's testimony did not exclude the possibility that drugs and drug paraphernalia

in the bag had appeared after Burt's first contact with Trichel on September 30.

Moreover, Burt's negotiations with Vanderpool did not conclusively establish a predisposition to commit drug offenses. According to Vanderpool, Burt used code words, negotiated amounts and prices and had Vanderpool write on a notepad rather than speak while in Burt's house. Burt testified, however, that he had worked on drug cases for a local defense lawyer and that he lived with a drug user. Unlike the evidence at issue in *Jackson* and *Davis,* the government's evidence here did not compel the conclusion that Burt was disposed to sell drugs before he was contacted by government agents.

In cases that are indistinguishable from Burt's, we have held that the use of an invalid entrapment instruction "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Sterner,* 23 F.3d at 252; *Lessard,* 17 F.3d at 306. We see no reason to deviate from that conclusion in this case.

The district court's use of an invalid entrapment instruction constituted plain error. We reverse Burt's convictions for distribution of methamphetamine and use of a firearm during a drug trafficking offense. We do not reach Burt's other challenges to his convictions and sentence.

Burt did not challenge his conviction for being a felon in possession of a firearm. We affirm that conviction.

REVERSED in part and AFFIRMED in part. REMANDED for resentencing.