**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Carlos Manuel CABRERA, Defendant—Appellant.**

**No. 02–10266.**

**D.C. No. CR–97–00220–RLH.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2003.

Decided April 14, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Before KOZINSKI, GRABER, and BERZON, Circuit Judges.

### MEMORANDUM*

Carlos Manuel Cabrera appeals his convictions on four counts related to the distribution of controlled substances. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

1. The district court did not abuse its discretion in determining that Cabrera was not entitled to a jury instruction regarding entrapment. "A defendant need only present 'slight' evidence of two elements in order to receive an entrapment instruction: (1) inducement by a government agent to commit an illegal act that (2) the defendant was not predisposed to commit." *United States v. Burt*, 143 F.3d 1215, 1218 (9th Cir.1998).

Cabrera did not present, nor solicit on cross-examination, even "slight" evidence tending to prove lack of predisposition. In particular, there is no evidence that Cabrera was reluctant to participate in the drug transactions.

Cabrera argues that the record lacked any evidence that he was involved in drug transactions prior to the sting operation and that this fact alone establishes a lack of predisposition. But the record is not quite as silent as Cabrera indicates: The government introduced uncontested evidence that a confidential informant identified Cabrera as a drug dealer. Additionally, Cabrera was knowledgeable about the street prices of drugs and was able easily to obtain drugs in short order on request. We find nothing in the record that tends to establish Cabrera's *lack* of predisposition.

2. The district court did not abuse its discretion in limiting the cross-examination of agent Brooks. The charges against Brooks were not admissible under Federal Rule of Evidence 609, because that rule allows only for the admission of criminal convictions.

The circumstances surrounding Brooks' criminal charges were only relevant, if at all, to the question of Brooks' general credibility.[1] *See* Fed.R.Evid. 608(b). Allowing cross-examination on those issues, however, would have added extraneous issues that had little, if any, probative value to the trial. The limitation on cross-examination was therefore a reasonable exercise of discretion by the district court. *See id.* (placing the decision to limit cross-examination within the discretion of the court); *see also Hughes v. Raines*, 641 F.2d 790, 793 (9th Cir.1981).

The judgment is **AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We do not address Cabrera's argument that he was entitled to probe Brooks' bias toward the government because of the charges pending against Brooks. Cabrera neither raised that argument in response to the government's motion *in limine*, nor otherwise pressed that argument before the district court. *See A–1 Ambulance Serv., Inc. v. County of Monterey*, 90 F.3d 333, 337 n. 3 (9th Cir.1996) (declining to consider an issue not raised in the trial brief when the issue was not purely legal in nature).