**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Harvey W. KUIKEN, Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Larry L. Beaman, Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Michael J. Culp, Defendant—Appellant.**

**Nos. 05–30107, 05–30108, 05–30110.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 2006.*

Decided Aug. 24, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan M. Harrison, Esq., John McKay, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Rita J. Griffith, Esq., Griffith & Cole, Peggy Sue Juergens, Esq., Seattle, WA, Clark Head, Indio, CA, for Defendants–Appellants.

Before: REAVLEY,\*\* PREGERSON, and CALLAHAN, Circuit Judges.

MEMORANDUM \*\*\*

The defendants, Harvey W. Kuiken, Larry L. Beaman, and Michael J. Culp, appeal their convictions for conspiracy to commit securities fraud, wire fraud, mail fraud and money laundering.[1] We have reviewed the six issues raised by the defendants in their appeals and affirm their convictions.

■ 1. The defendants allege that the government unreasonably interfered with their access to Kevin Lawrence by meeting with him and causing him to decline to meet with defense counsel without the presence of government counsel. We review de novo the district court's denial of the defendants' motion to dismiss the indictment because of alleged outrageous government conduct. *United States v. Bridges,* 344 F.3d 1010, 1014 (9th Cir. 2003). The evidence, however, is viewed in the light most favorable to the government, and we accept the district court's findings unless they are clearly erroneous. *United States v. Cuellar,* 96 F.3d 1179, 1182 (9th Cir.1996).

The defendants have not shown that the government interfered with their access to a defense witness. Lawrence was the central figure in the underlying securities fraud, and was serving a 20–year sentence pursuant to a plea bargain. It was Lawrence who, through counsel, requested the meeting with government counsel. His attorney was present at the meeting and

subsequently conveyed to the government Lawrence's decision not to meet with defense counsel unless government counsel was present. Viewing the evidence in the light most favorable to the government, we agree with the district court that Lawrence may have had good reasons for wanting government counsel to be present when he met with defense counsel and that government counsel did not act improperly in meeting with Lawrence.

■ 2. The defendants allege that the government "elicited [testimony] from a number of the investor witnesses that they had successfully sued one of the defendants, but had been unable to collect on their judgment." The defendants characterize this testimony as the admission of prior settlements and civil judgments and argue that it should have been excluded pursuant to Federal Rules of Evidence 403, 404(b) and 408.

We review evidentiary rulings for abuse of discretion. *United States v. Murillo,* 255 F.3d 1169, 1174 (9th Cir.2001). In doing so, we "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *United States v. Soulard,* 730 F.2d 1292, 1296 (9th Cir.1984). Even where we find an evidentiary error, we reverse only if the erroneous evidentiary ruling " 'more likely than not affected the verdict." ' *United States v. Pang,* 362 F.3d 1187, 1192 (9th Cir.2004) (quoting *United States v. Angwin,* 271 F.3d 786, 798 (9th Cir.2001)).

The defendants have failed to show either that the district court abused its discretion in admitting the investors' testimony or that any alleged error likely affected

---

\*\* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the underlying facts, we do not state them here.

the verdict. As this was a six-week jury trial with over 38 witnesses concerning a complex scheme, some references to other legal actions and settlements were inevitable. The defendants do not challenge any specific evidentiary ruling concerning this testimony. In fact, it appears that the district court sustained a number of their objections. Furthermore, the defendants admit that none of the mentioned prior settlements were directly or indirectly imputed to them and that "no settlement was ever placed into evidence or referenced." A review of the record reveals that, in light of the evidence against the defendants, even if some comments by investors should have been excluded, the admission of those comments was harmless.

■ 3. The defendants argue that the testimony of the government's expert witness, a dean of a law school, invaded the provinces of the judge and the jury because he defined the term "security" differently and more broadly than the judge, and testified that specific transactions constituted sales of securities.

A trial court's admission of expert opinion testimony is reviewed for abuse of discretion and "[s]uch rulings will be reversed only if 'manifestly erroneous.'" United States v. Gonzales, 307 F.3d 906, 909 (9th Cir.2002) (quoting United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir. 2000)). Where, as here, no objection is made to the admission of the expert's testimony in the district court, an objection on appeal to the admission of the testimony is reviewed for plain error. See Jones v. United States, 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999); see also United States v. Burt, 143 F.3d 1215, 1217 (9th Cir.1998).

The government's expert witness did not invade the province of the jury. Expert testimony is properly admissible when it serves to assist the trier of fact in understanding the evidence or determine a fact

in issue. Federal Rule of Evidence 702. The district court reasonably concluded that expert testimony would assist the jury. The defendants' reliance on United States v. Weitzenhoff, 35 F.3d 1275, 1287 (9th Cir.1993), is misplaced. There, the district judge, after admitting the expert's testimony, failed to instruct the jury on the interpretation of the law. Id. Here, the district court instructed the jury on the applicable law after the government's expert witness testified. The defendants do not challenge those instructions on appeal.

The defendants have failed to show that the expert's testimony invaded the province of the jury. An expert may proffer opinion testimony related to the ultimate issue to be decided by the jury, as long as the expert does not testify to a particular defendant's mental state. United States v. Morales, 108 F.3d 1031, 1038 (9th Cir. 1997) (en banc) ("[W]e have adopted an interpretation of Rule 704(b) that allows testimony supporting an inference or conclusion that the defendant did or did not have the requisite mens rea, so long as the expert does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony."). Our review of the record discloses that the expert did not testify as to the defendants' mens rea.

■ 4. The defendants complain that over their objection, the district court permitted the government to elicit evidence either that they did not file tax returns for the relevant years or that their returns did not adequately reflect their income. They argue that this evidence was unfairly prejudicial because this is not a tax case, people who earn money legitimately do not always pay taxes, and the evidence was improper propensity evidence.

A district court's evidentiary rulings are reviewed for abuse of discretion. Old Chief v. United States, 519 U.S. 172, 174 n.

1, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). We review "for abuse of discretion the district court's decision under Federal Rule of Evidence 404(b) to admit the disputed evidence" and also review "for abuse of discretion the district court's determination under Federal Rule of Evidence 403 that the prejudicial effect of the evidence did not substantially outweigh its probative value." *United States v. Plancarte–Alvarez*, 366 F.3d 1058, 1062 (9th Cir.2004).

The district court found that the information was relevant to the defendant's treatment of investor funds. This determination is supported by our opinions in *United States v. Fuchs*, 218 F.3d 957, 965 (9th Cir.2000), and *United States v. Ordonez*, 737 F.2d 793, 811 (9th Cir.1983), which upheld the introduction of evidence concerning tax returns in criminal cases as relevant to the accuseds' characterization of the funds allegedly received as part of the underlying criminal schemes. Accordingly, the district court's admission of evidence concerning the defendants' tax returns was not an abuse of discretion.

■ 5. Kuiken and Beaman contend that the district court erred in admitting deposition testimony by Michael Culp because his testimony contained testimonial statements within the meaning of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), which were not harmless.

Alleged violations of the Sixth Amendment's Confrontation Clause are reviewed de novo. *United States v. Nielsen*, 371 F.3d 574, 581 (9th Cir.2004). Such claims, however, are subject to harmless error analysis, because "'the Constitution entitles a criminal defendant to a fair trial, not a perfect one.'" *Id.* (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 680–81, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)).

The admission of Culp's deposition testimony, if error, was harmless. Kuiken and Beaman have failed to show that Culp's statements addressed their conduct. Furthermore, to the extent that such statements could be construed as implicating them, it was harmless in light of all the other evidence concerning their activities.

6. Finally, the defendants allege that the 57–page, 114–count second superseding indictment deprived them of the right to be advised of the charges against them. We review the denial of a pre-trial motion to dismiss an indictment for abuse of discretion. *United States v. Ross*, 372 F.3d 1097, 1109 (9th Cir.2004).

The defendants have failed to show that they were prejudiced by the length or complexity of the indictment. The government simplified the charges before trial, and the defendants offer no evidence that they were misled by the indictment or unprepared for trial. Moreover, the jury's treatment of the verdict forms show that it fully understood this complex case.

We conclude that none of the six issues raised by the defendants in their appeals is meritorious and their convictions are **AFFIRMED**.