**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Francisco Medina CASTENEDA,**
**Defendant—Appellant.**

**No. 05–10372.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2007.

Filed July 18, 2007.

Richard J. Bender, Esq., Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Before: GOODWIN, D.W. NELSON, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

Francisco Medina–Casteneda ("Medina–Casteneda") appeals his jury conviction and sentence for conspiracy to possess and distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. For the following reasons, we affirm.

### I. Readback of Testimony

The district court did not abuse its discretion in denying the jury's request to read back Marcos Garcia's testimony. After the jury requested the read back of Garcia's testimony, the judge consulted with counsel for both sides without the jury present. He explained that in accordance with Ninth Circuit case law, he ordinarily discouraged rereads because of the tendency of the jury to focus on one particular piece of evidence at the expense of other evidence. Counsel for the appellant agreed that Garcia's testimony should not be reread to the jury unless the jury asked for the testimony to be reread at some future point in its deliberations. In light of the district court's great latitude to address requests for readbacks and its recognition of the problems associated with readbacks, we hold that the judge's decision to deny the requested readback was not an abuse of discretion. *See United States v. Nolan,* 700 F.2d 479, 486 (9th Cir.1983) (finding no error in the court's

refusal to have testimony reread and recognizing that the decision enjoys a great deal of discretion).

The district court also did not abuse its discretion by granting the request for a reread of Detective Filopowski's testimony. Appellant asserts that the district court erred when it allowed the jury to have Detective Filipowski's testimony reread without ensuring that the jury did not unduly emphasize it, citing *United States v. Hernandez,* 27 F.3d 1403, 1408–09 (9th Cir.1994). We hold that the appellant waived this claim by agreeing that Detective Filipowski's testimony could be reread without such an admonition. In particular, counsel for both sides were provided with the controlling law. Therefore, Medina–Casteneda's waived the argument that the reread of Detective Filipowski's testimony without proper instruction was error. *See United States v. Burt,* 143 F.3d 1215, 1217 (9th Cir.1998) ("A defendant's right to challenge a [judicial ruling] is waived if the defendant considered the controlling law and in spite of being aware of the applicable law, proposed or accepted a flawed instruction.") (internal quotation marks omitted).

### II. Closing Argument

The misstatement of the reasonable doubt standard during closing argument did not constitute plain error that would entitle Medina–Casteneda to a reversal of his conviction. We have held that in order to show that a misstatement of law affects the substantial rights of a defendant, the defendant must demonstrate that the error was prejudicial. *See Sims v. Brown,* 425 F.3d 560, 579 (9th Cir.2005). In this case, neither party disputes that the jury instructions properly defined the beyond a reasonable doubt standard. "The jury is

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

regularly presumed to accept the law as stated by the court, not as stated by counsel." *United States v. Rodrigues,* 159 F.3d 439, 451 (9th Cir.1998). This presumption has not been overcome in this case as there is no evidence that the jury was confused by the proof beyond a reasonable doubt standard. The jury never sought clarification of the standard, and the likely prejudicial effects of this misstatement of the law on the defendant in the context of the extensive closing arguments by both sides and proper jury instructions is very low (indeed the prosecutor correctly described the standard a couple of sentences earlier in the closing argument).

### III. Voir Dire

■ The district court did not abuse its discretion in rejecting Medina–Casteneda's proposed voir dire question to the jury about its willingness to follow a limiting instruction regarding evidence of his prior conviction. A district court has considerable discretion to accept or reject proposed voir dire questions and, as long as it conducts an adequate voir dire, its rejection of specific questions is not error. *United States v. Giese,* 597 F.2d 1170, 1182–83 (9th Cir.1979). In this case, the district court adequately addressed the issue in Medina–Casteneda's proposed voir dire question by asking a more general question regarding the juror's ability to follow the law in accordance with the judge's instruction. We therefore hold that the district court did not abuse its discretion and that the voir dire in this case was conducted adequately.

### IV. *Franks* Hearing

■ Assuming arguendo Medina–Casteneda made a substantial preliminary showing that the affiant intentionally or recklessly omitted information showing the number of people that Garcia came into contact with prior to the drug transaction with the undercover police officers on No-

vember 18, 2003, a corrected or supplemented affidavit would still "provide a magistrate with a substantial basis for concluding that probable cause existed." *United States v. Stanert,* 762 F.2d 775, 780 (9th Cir.1985) (citing *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). The Supreme Court has held that "[t]he critical element in a reasonable search [of a property] is not that the owner of the property is suspected of a crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily,* 436 U.S. 547, 556, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). For purposes of probable cause to search the residence on 1728 East Avenue, the sufficiency of the information in the affidavit to support a probable cause finding that Medina–Casteneda was the provider of the drugs is irrelevant. Instead, what is relevant is whether there was sufficient information to support a probable cause finding that the 1728 East Avenue residence contained evidence of drugs. Even if the affidavit were supplemented with the omitted details from the police surveillance report regarding the number of people Garcia came into contact with, it would have no effect on the probable cause finding concerning the property.

The other information that Medina–Casteneda argues was intentionally omitted or falsely represented also did not address the residence. In particular, purported misstatements about Medina–Casteneda's prior convictions and the police officer's alleged erroneous prior identification of Medina–Casteneda on November 18, 2003, would not have materially affected the probable cause determination regarding the 1728 East Avenue residence.

### V. Crack–Cocaine Disparity

■ Contrary to Medina–Casteneda's contention, the district court never deter-

mined that it did not have discretion to impose a below-guideline sentence. Instead, the court explained that it did not believe that it was "appropriate for the Court to specifically reduce a sentence under 18 U.S.C. § 3553(a) on the basis that Congress and the U.S. Sentencing Commission are wrong in establishing different penalties for different types of controlled substances." Rather, the court felt "[t]o the extent the differences in penalties are out of whack, it's for the Congress to change them, not the trial court." The court then continued by taking into account all of the 18 U.S.C. § 3553(a) factors in determining the sentence. The district court therefore did not commit a *Booker* violation and the sentence imposed was reasonable.

**AFFIRMED.**