**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50326 |
| Plaintiff - Appellee, | D.C. No. 08-cr-00177-DOC-2 |
| v. | |
| STEPHEN T. HARD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted July 9, 2012
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BENSON, District
Judge.[**]

Stephen Hard appeals his jury conviction of one count of conspiracy to

commit wire fraud in violation of 18 U.S.C. § 371 and eight counts of wire fraud in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Dee V. Benson, District Judge for the U.S. District
Court for Utah, sitting by designation.

violation of 18 U.S.C. §§ 2 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The evidence was sufficient to sustain Hard's conviction for conspiracy to commit wire fraud. Brad Lee's testimony established that Hard knew that the supposed investment returns and other aspects of the "Joint Venture Agreements" (JVAs) were "nonsense" and "bogus," but Hard still prepared and executed the JVAs promising such returns.[1] Hard also sent false emails to Consolidated Consulting Group (CCG) stating that CCG's money was secure, even though Hard and Lee were then in the process of spending CCG's money. This evidence "was sufficient to support the jury's finding of [specific] intent to defraud." *See United States v. Green*, 592 F.3d 1057, 1068 (9th Cir. 2010).

2. The evidence was sufficient to sustain Hard's convictions on the counts alleging wire fraud after the October 2004 transfer of money. Hard's false emails (sent from October to December 2004) delayed CCG from going to the authorities once the promised returns failed to materialize. Thus, the false emails were "a step

---

[1] Hard essentially argues that Lee's testimony was not sufficient evidence, because the jury should not have found an admitted scam artist like Lee credible. But with respect to reviewing Hard's insufficient evidence claims, we are "powerless to question a jury's assessment of witnesses' credibility." *United States v. Johnson*, 229 F.3d 891, 894 (9th Cir. 2000) (internal quotation marks omitted). The jury was free to consider Lee's testimony and decide that Lee was credible. Additionally, other evidence corroborated Lee's testimony.

2

in [the] plot," in furtherance of the fraudulent scheme. *United States v. Rude*, 88 F.3d 1538, 1544 (9th Cir. 1996) (alteration in original) (internal quotation marks omitted). They "lull[ed] the victims into a false sense of security, postpon[ed] their ultimate complaint to the authorities, and therefore ma[de] the apprehension of the defendants less likely than if no [false emails] had taken place."[2] *Id.* The false emails were part of the scheme as it was originally conceived, because Lee hired Hard to, in part, have Hard delay CCG while Lee and Hard spent CCG's money. *See United States v. Lazarenko*, 564 F.3d 1026, 1036 (9th Cir. 2009).

3. The evidence was sufficient to sustain Hard's convictions for wire fraud as an aider and abettor. The transfer of money to Hard's trust account was a step in the plot to defraud CCG, because the scheme depended on Hard and Lee placing the money within their control before they could spend it. *See Rude*, 88 F.3d at 1544–45. Hard knew that the JVAs were "bogus" and that his false emails were designed to delay CCG while Hard and Lee spent CCG's money. Hard therefore

---

[2] Hard argues that the false emails were not in furtherance of the fraudulent scheme, because the scheme was completed when CCG transferred the money to Hard's trust account. However, "lull[ing] the victims into a false sense of security" is "not only relevant to the fraudulent conspiracy, but extended the overall scheme . . . ." *See Rude*, 88 F.3d at 1544 (alteration in original) (internal quotation marks omitted). Thus, the false emails were in furtherance of the fraudulent scheme and could support Hard's convictions on the counts alleging wire fraud after the transfer of money.

3

knew that Lee intended to carry out the scheme to defraud CCG, with Hard's assistance. *See United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988).

4. The district court did not commit plain error by failing to give Hard's proposed jury instruction for conspiracy, which Hard now argues should have been given. Because Hard raises this argument for the first time on appeal, we review for plain error. *See United States v. Karterman*, 60 F.3d 576, 579 (9th Cir. 1995). "Plain error, as we understand that term, is error that is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997). Hard did not object to the instruction for conspiracy (the Ninth Circuit model instruction) that the court gave to the jury. Hard failed to even present his proposed jury instruction to the court. Hard has not provided any authority to show that failing to give the jury instruction Hard only now requests was so obvious an error that a reasonable judge should have been able to avoid it. *Cf. United States v. Burt*, 143 F.3d 1215, 1218 (9th Cir. 1998) ("In light of this authority, the district court's failure to give an accurate jury instruction . . . constituted plain error.").

5. The district court did not commit reversible error by denying Hard's motion for a new trial. The Government did not elicit false testimony from Lee or Special Agent Norman Embry. *See United States v. Bingham*, 653 F.3d 983, 995

(9th Cir. 2011). As for closing argument, even if admitting the Government's remarks on the freezing of assets was an obvious error, those remarks do "not rise to the level of plain error resulting in a miscarriage of justice," because of the "extensive evidence" against Hard. *See United States v. Doss*, 630 F.3d 1181, 1195 (9th Cir. 2011). The Government's remarks on leveraging and insecticide permissibly invited the jurors to bring their "common sense," *Local 36 of International Fishermen & Allied Workers of America v. United States*, 177 F.2d 320, 339 (9th Cir. 1949), and "life experiences to bear on the facts of the case." *Hard v. Burlington N. R.R. Co.*, 870 F.2d 1454, 1462 (9th Cir. 1989) (internal quotation marks omitted).

**AFFIRMED.**