**NOT FOR PUBLICATION**

FILED

DEC 21 2018



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50352 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-1369-H-1 |
| v. | |
| JOSE CAMARGO-ALEJO, aka JESSICA CAMARGO-ALEJO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted December 4, 2018
Pasadena, California

Before:  O'SCANNLAIN and IKUTA, Circuit Judges, and KENNELLY,** District Judge.

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

1

Jessica Camargo-Alejo[1] appeals her conviction under 18 U.S.C. § 111(a)(1) for assaulting a Border Patrol agent while she was in custody at an immigration detention center. She argues that the district court erroneously precluded her from raising an entrapment defense at trial in violation of her constitutional right to present a complete defense.

The record shows that the district court did not bar the entrapment defense but instead declined to instruct the jury on entrapment due to insufficient evidence. At a pretrial hearing on motions in limine, the court expressly stated that it would not preclude the defense. And when it next ruled on the entrapment issue after the government's case-in-chief, the court found that there was insufficient evidence presented at trial to permit a finding that the government induced the crime and declined the entrapment instruction on that basis.

This Court reviews the refusal to instruct the jury on entrapment due to insufficient evidence for abuse of discretion. *United States v. Spentz*, 653 F.3d 815, 818 (9th Cir. 2011). Camargo-Alejo argues that the district court abused its discretion because it erroneously required her to introduce evidence that the government induced the crime purposefully or intentionally. We need not address this issue, however, because there was insufficient evidence presented at trial to

---

[1] This disposition refers to the defendant by her preferred name.

support the other element of the entrapment defense—Camargo-Alejo's lack of predisposition to commit the crime—thus rendering any error harmless. *See United States v. Gurolla*, 333 F.3d 944, 957 (9th Cir. 2003) (applying harmless-error review to the refusal to give an entrapment instruction due to insufficient evidence); *see also United States v. Burt*, 143 F.3d 1215, 1218 (9th Cir. 1998) (noting that a defendant is entitled to an entrapment instruction only if she presents evidence of both inducement and lack of predisposition). At trial, the only evidence putatively bearing on her lack of predisposition concerned her conduct immediately before and during the altercation with the Border Patrol agent. But neither the surveillance footage of the incident nor the testimony about Camargo-Alejo's conduct indicates any reluctance to commit the crime or supports any other factor that would tend to show lack of predisposition. *See United States v. Marbella*, 73 F.3d 1508, 1512 (9th Cir. 1996) (listing five factors for determining whether evidence of lack of predisposition is sufficient to warrant an entrapment instruction). Without evidence from which a reasonable jury could find lack of predisposition, any alleged error in the district court's statement of the law regarding inducement was harmless.

**AFFIRMED.**