**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10299 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00207-SOM |
| v. | |
| WILLIAM TURNER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted February 12, 2019
Honolulu, Hawaii

Before:  TALLMAN, BYBEE, and N. RANDY SMITH, Circuit Judges.

William Clark Turner appeals the district court's judgment of conviction after a jury trial on charges that he interfered with a flight attendant discharging her duties by intimidation, in violation of 49 U.S.C. § 46504.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.     Turner argues that the district court's instruction defining "intimidation" is reversible error.  We do not reach this argument because Turner has waived it. *United States v. Burt*, 143 F.3d 1215, 1217 (9th Cir. 1998) ("A defendant's right to challenge a jury instruction is waived if the defendant considered the controlling law and 'in spite of being aware of the applicable law, proposed or accepted a flawed instruction.'") (quoting *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc)).  Because Turner's trial counsel approved the definition when he signed the parties' joint proposed jury instructions, and because those proposed instructions explicitly cited the authority Turner now relies on to argue for reversible error, this argument is waived under the invited error doctrine.

2.     As to the specific issue to which he did object at trial, i.e., that the word "knowingly" should have appeared in the court's jury instruction before the word "intimidate," we cannot conclude there was error because "knowingly" does not appear in the statute.  *See* 49 U.S.C. § 46504.  We have previously held that the statute Turner was charged with violating is a "general intent" crime, *United States v. Meeker*, 527 F.2d 12, 14 (9th Cir. 1975), and the word "intimidation" is adequate to describe the *mens rea* for the commission of voluntary acts which produce it.  In any event, any error would be harmless beyond a reasonable doubt. *See Kilbride*, 584 F.3d at 1247.  Turner, among other things, threatened to "break the neck" of other passengers during the altercation.  The evidence was

2

overwhelming that Turner's intentional behavior intimidated the flight attendant by causing her to reasonably fear for the safety of her passengers and herself, thereby diverting her from performing other duties aboard the aircraft. *See Meeker*, 527 F.2d at 15; *see also United States v. Koshnevis*, 979 F.2d 691, 696 (9th Cir. 1992) (instructional errors related to knowledge are "harmless where the evidence of knowledge was overwhelming") (quotation omitted).

3.      Turner argues that a limiting instruction should have been given after the district court granted his Rule 29 motion for judgment of acquittal on the charge that Turner had intimidated or interfered with the pilot. However, Turner never requested such an instruction, so we review this issue for plain error. *See Perez*, 116 F.3d at 845; *see also United States v. Lazarenko*, 564 F.3d 1026, 1043–44 (9th Cir. 2009). Due to the strength of the government's case against him and the district court's careful and otherwise appropriate instruction of the jury, the lack of a limiting instruction was not plain error. *See Lazarenko*, 564 F.3d at 1043–44.

4.      We decline to reach Turner's ineffective assistance claim because the record is not sufficiently developed to properly evaluate the issue. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003).

        **AFFIRMED.**