**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50140 |
| Plaintiff-Appellee, | D.C. No. 8:17-cr-00010-CJC-2 |
| v. | |
| SAYDA POWERY ORELLANA, AKA Adina Ponce, AKA Adina Salas, AKA Saida Salas, AKA Sayda Ivonne Salas, AKA Adina Zaida, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50141 |
| Plaintiff-Appellee, | D.C. No. 8:17-cr-00010-CJC-1 |
| v. | |
| MANUEL PORRAS SALAS, AKA Manuel Sala-Porras, AKA Manny Salas, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted October 16, 2020

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: MURGUIA and LEE, Circuit Judges, and KORMAN,** District Judge.

Sayda Orellana and Manuel Salas appeal from the district court's judgment and sentence following a trial, where the jury convicted them on eight counts pertaining to a conspiracy to commit drug trafficking and money laundering. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Orellana and Salas argue that the district court erred when it permitted expert testimony from co-case agent Jose Gonzalez, a criminal investigator with the Internal Revenue Service. We review for abuse of discretion the district court's decision whether to exclude expert testimony. *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997) (en banc). "A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." *Id.* (citation omitted). Although "matters of law" are generally inappropriate subjects for expert testimony, *see, e.g.*, *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992), there may be "instances in rare, highly complex and technical matters where a trial judge, utilizing limited and controlled mechanisms, and as a matter of trial management,

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

permits some testimony seemingly at variance with the general rule," *Flores v. Arizona*, 516 F.3d 1140, 1166 (9th Cir. 2008), *rev'd on other grounds*, *Horne v. Flores*, 557 U.S. 433 (2009) (citation omitted).

The district court did not abuse its discretion when it permitted Agent Gonzalez's testimony, because it determined that the applicable criminal law was complex, and that Gonzalez's testimony would be helpful to the jury. As a "dual-purpose witness," Gonzalez did not opine on whether the defendants engaged in money laundering, but generally explained concepts related to money laundering and provided illustrative examples. What is more, the court instructed the jury "to apply the law as I give it to you," that Gonzalez's opinion testimony "should be judged like any other testimony," and that the jury was free to "accept . . . none of it." Accordingly, Gonzalez's testimony did not invade the province of the court to determine the applicable law and to instruct the jury as to that law. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[I]nstructing the jury as to the applicable law is the distinct and exclusive province of the court.") (internal citations and quotation marks omitted).

2. Orellana and Salas argue that the district court abused its discretion when it denied Salas's motion for a mistrial. We review the denial of a motion for a mistrial for abuse of discretion. *United States v. Lemus*, 847 F.3d 1016, 1024 (9th Cir. 2016). "A cautionary instruction from the judge is generally sufficient to cure

any prejudice from the introduction of inadmissible evidence, and 'is the preferred alternative to declaring mistrial when a witness makes inappropriate or prejudicial remarks; mistrial is appropriate only where there has been so much prejudice that an instruction is unlikely to cure it.'" *Id.* (quoting *United States v. Escalante*, 637 F.2d 1197, 1202–03 (9th Cir. 1980)). A decision to not declare a mistrial will be reversed only if "the improper comment, viewed in the context of the entire trial, more likely than not materially affected the verdict." *Id.*

During the government's presentation of evidence regarding Salas's false statements charge, the government's witness, Thomas Skinner, an agent within the Office of Internal Affairs of Customs and Border Protection, referred to "another investigation" in which he had interviewed Salas. The court ordered the phrase "relating to another investigation" stricken from his testimony. After the government's direct examination of Skinner, Salas moved for a mistrial based on Skinner's reference to "another investigation" and the court's repetition of the reference when striking the testimony. The court denied the motion but offered to provide an additional limiting instruction. Salas did not request such an instruction.

Because: (1) the reference to "another investigation" appears innocent and devoid of any detail associating Salas with criminality; (2) the district court struck the reference from Skinner's answer immediately after Salas moved to strike; and (3) the court instructed the jury that "[i]n reaching your verdict, you may consider only

4

the testimony . . . in evidence" and that "any testimony that I have excluded, stricken, or instructed you to disregard is not evidence," the court did not abuse its discretion in denying Salas's motion.

3. Nor is Orellana's and Salas's challenge to the jointly proposed jury instructions persuasive. "A defendant's right to challenge a jury instruction is waived if the defendant considered the controlling law and 'in spite of being aware of the applicable law, proposed or accepted a flawed instruction.'" *United States v. Burt*, 143 F.3d 1215, 1217 (9th Cir. 1998) (quoting *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc)). Because Orellana's and Salas's defense counsel approved the jointly proposed jury instructions, their argument is waived. *See Perez*, 116 F.3d at 845 n.7 ("We have long held that jury instructions may be waived by a defendant's attorney.").

4. We also reject Orellana's and Salas's argument that the government committed prejudicial misconduct during its rebuttal argument. We review for plain error because no objection was raised at trial. *United States v. Begay*, 673 F.3d 1038, 1046 (9th Cir. 2011) (en banc). To establish plain error, defendants must show that "(1) there was an error, (2) the error is clear or obvious, (3) the error affected [their] substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Johnson*, 963 F.3d 847, 850 (9th Cir. 2020).

Even if the government's rebuttal argument misstated the law, the error was not clear or obvious, but was "subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). The government's statement to the jury that it should not "speculate" about cooperating witness Jose Soberano's sentence cannot be said to obviously mean that the jury should not consider the extent to which or whether his testimony may have been influenced by the prospect of favorable consideration from the government. A reasonable observer could understand the government's statement to mean that the jury should not assume Soberano would receive any *particular* sentence. This interpretation is reasonable in view of the government's immediately subsequent statement—that no promises were made to Soberano with respect to his sentence— as well as its reference to the court's instruction that the jury must evaluate Soberano's testimony with caution.

Nor could it be said that the government's statement "affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734 (citations omitted). In determining the prejudicial effect of the statement, this Court "consider[s] the misstatement in context." *Begay*, 673 F.3d at 1046. The district court correctly instructed the jury how to evaluate Soberano's credibility and made clear that the jury could properly consider a witness's bias and that statements of counsel are not evidence and may not be considered in reaching a verdict. The government similarly

urged the jury to heed the court's instruction regarding Soberano's testimony. We cannot conclude that the government's alleged misstatement was plain error. *See Begay*, 673 F.3d at 1046–47.

5. Orellana and Salas also argue that the cumulative prejudicial effect of the issues they raise on appeal warrant reversal. We disagree, as we are not persuaded that the district court committed any error, let alone multiple errors that warrant reversal. *Cf. United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996) ("[A]lthough no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant.") (citation omitted).

6. Finally, we reject Orellana's and Salas's claim that the district court erred in applying a two-level "organizer" sentencing enhancement under § 3B1.1 of the Sentencing Guidelines. We review the district court's identification of the correct legal standard *de novo*, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The Sentencing Guidelines allow for a two-level "organizer" enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" involving fewer than five "participants," provided that the criminal activity was not "extensive." U.S. Sentencing Guidelines Manual § 3B1.1(c) (U.S.

7

Sentencing Comm'n 1993). In order to impose the enhancement, there must be a "showing that the defendant had control over other[]" participants or "organiz[ed] other[] [participants] for the purpose of carrying out" the charged crimes. *United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012) (internal quotation marks and citations omitted). A single incident of persons acting under a defendant's direction is sufficient evidence to support a two-level role enhancement. *See, e.g.*, *United States v. Beltran*, 165 F.3d 1266, 1271 (9th Cir. 1999).

The record is clear that both Orellana and Salas exercised substantial control over Soberano and that they were not "co-equal" conspirators in their criminal enterprise. *Cf. United States v. Holden*, 908 F.3d 395, 402–03 (9th Cir. 2018). Orellana directed Soberano where to leave his trailer so that it could be loaded with drugs and notified Soberano once the trailer was loaded, determined where in the truck the drugs would be placed, directed Soberano how to deposit the drug proceeds into specific accounts, and instructed him to structure the deposits by making deposits into difference accounts at different banks. Likewise, Salas directed Soberano to deposit drug proceeds in a particular bank account, had over 100 telephone contacts with him regarding drug transportation and money laundering, and coached Soberano when he sought to stop transporting drugs. The district court did not err in applying a two-level "organizer" sentencing enhancement as to either Orellana or Salas under § 3B1.1.

**AFFIRMED.**